(56 South. 427.)

No. 19,068.

LOUQUE v. DEJAN.

In re LOUQUE.

(Oct. 30, 1911.)

*(Syllabus by the Court.)*

ATTORNEY AND CLIENT (§ 76*)—EMPLOYMENT
   —REVOCATION.

An attorney at law, employed for an indefinite period and for a contingent fee, is a mandatary, whose power is revocable, as it is not coupled with an interest in the cause of action; and the principal may terminate the relationship of attorney and client at will.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 76.*]

Action by Charles Louque against Widow Josephine Dejan. Application by the plaintiff for certiorari or writ of review. Judgment recognized as correct, writ nisi recalled and discharged, and relator's demand denied.

John Wagner, for applicant. Chas. J. Théard and Delvaille H. Théard, for respondent.

BREAUX, C. J. This was an action brought by plaintiff to recover an amount for services as an attorney at law.

The defendant, in the year 1882, employed plaintiff to collect certain Metropolitan police warrants, of which she was the owner.

The contract of employment was in writing.

She was to pay 25 per cent. on amount collected, and pay no costs.

Plaintiff brought suit accordingly in the United States Circuit Court, entitled Goldstein v. City of New Orleans. We take it that this was a test case.

Part of the proceedings, involving the right to recover these warrants, were conducted in the Supreme Court of the United States.

Defendant (plaintiff avers) notified him not to proceed further, thereby prohibiting him from completing his contract.

She employed other counsel.

Relator alleged that, to the end of minimizing the damages, he entered into an agreement with the receiver of the Metropolitan police fund, whereby the receiver bound himself to pay him (plaintiff) 20 per cent. on the amount recovered on these Metropolitan warrants.

He (relator), as an attorney, recovered a

large amount for the different holders of these warrants.

The amount received of that fund by defendant, Mrs. Dejan (one of the respondents here), was $4,997.76.

Relator alleges, in substance, that defendant owes him in an amount equal to the difference between the 25 per cent. she agreed to pay according to contract and the 20 per cent. he received from the receiver.

It results that the amount he claims as due is $249.88; that is, 5 per cent. on the amount she received.

Plaintiff's contention is that, if it had not been for his discharge by defendant as attorney, he would have received 25 per cent., instead of 20 per cent., and that she is therefore liable to him in damages to an amount equal to that before stated.

The defendant, in the district court, filed an exception of no cause of action.

The judge of the district court (a careful, conservative and painstaking judge) maintained the exception.

On appeal, the Judges of the Court of Appeal, in a well-prepared and thoroughly considered opinion, sustained the judge of the district court.

The case is before us on relator's demand for a writ of certiorari.

Plaintiff's contention was that his contract could not be prejudicially revoked, as he had acquired the right, within a reasonable time, to prosecute the action. That the time within which the services were to be rendered was understood, and the amount of the fees fixed.

Defendant's contention, in support of the exception of no cause of action, is that the employment was for an indefinite period and for a contingent fee, and that, on that account, it was revokable whenever she chose to exercise that right. That, after the contract had been recalled and rescinded, plaintiff had no cause of action for damages.

In support of his claim, plaintiff argued several propositions and cited authorities.

We have considered the propositions and reviewed the decisions from our point of view.

The foregoing is our appreciation of the facts.

Now as to the law: No question but that the lawyer has full capacity to contract, provided the contract is not in contravention of any provision of law.

This proposition admits of no discussion.

The next of plaintiff's contentions is not as clear and convincing. It is that the case of Gurley v. City, 41 La. Ann. 75, 5 South. 659, has no application.

It is true that an injunction was at issue in that case.

It was sustained on two grounds, and the fee claimed was not allowed:

One that the city had the right to discharge the officer who had been employed without authority. And the second that the attorney had been employed for an indefinite period, and no positive proviso had been made for compensation; or, to use the language of the decision, for no absolute compensation had been fixed as to the amount to be paid the attorney; and therefore the city had the right to revoke the contract.

This last question, discussed in 41 La. Ann. 75, 5 South. 659, supra, has application. It was one of the grounds upon which the court acted, and must be considered from that point of view as pertinent, and not as an obiter dictum, as contended by learned counsel for plaintiff.

The grounds were restated in the concluding portion of the decision as follows:

The city had the right to discharge its officer and terminate the mandate, or if, as considered between city and plaintiff, the latter personally acted under a mandate for an indefinite period.

Plaintiff next confidently cites State ex

rel. Bermudez v. Heath, Mayor, 20 La. Ann. 172, 96 Am. Dec. 390, and states that it was practically reaffirmed in the Gurley Case, cited above.

In this last-cited case, the city employed an attorney to collect bills and judgments under an agreement with the attorney.

The city sought to rescind the agreement.

The contract sought to be rescinded provided that the attorney was to receive one-half over and above the face value of the claim in compensation, provided, if he did not collect, he was not to have any claims against the city.

The city, it was held, could not rescind this contract.

We infer that the court deemed that the amount claimed had been earned, and that it had been fixed with sufficient certainty.

After careful consideration, it does seem that this decision is not of persuasive authority. In some respects it does not agree with the weight of decisions upon the subject.

This brings us to Angelloz v. Rivollet, 2 La. Ann. 652, another decision cited by plaintiff.

The defendant employed plaintiff's services in matter of collecting an inheritance.

The court found that the defendant in that case had discharged the plaintiff creditor without cause, and condemned her to pay for services.

Here provision had been made for a stipulated sum for the services to be rendered, well defined and fixed.

The next decision cited (Orphan Asylum v. Marine Insurance Co., 8 La. 184) announces a general principle, not specially pertinent.

The services were, as to time of performance, limited, and the price for the services fixed.

The court said in that case that which is very true: An attorney comes within the exception of the general rule, and that for that reason it allowed the claim.

In the last case, the attorney had been employed at an annual salary of $300, and was dismissed without sufficient cause at the end of 2½ months. It was decided that he was entitled to his salary for the whole year.

In the next decision (Shoemaker v. Bryan, 12 La. Ann. 697), it is also held that the time within which to perform and the amount for services were fixed.

Taking up the grounds of the defense and reviewing the decisions, we have reached the conclusion that plaintiff cannot in law maintain his action.

The contention of counsel for defendant is that, under the terms of 41 La. Ann. 75, 5 South. 659 (the Gurley Case), plaintiff has no cause of action.

In that case there was uncertainty in regard to time within which services were to be rendered, and in regard to the amount of the compensation.

We must say that the decision just cited is controlling, although it is weakened by the fact that the court did not rest its decision exclusively on the ground of uncertainty of the time of services or of the amount of the fee.

We will not review each decision cited by the defense.

As relates to the mandate: It is sufficient to state that they sustain the proposition that an attorney's mandate is governed by article 3028 of the Code, and not by article 2749.

That being the conclusion, the court has only arrived at the conclusion that the mandate is revokable at pleasure, "for the principal may revoke his power of attorney whenever he thinks proper," under the article first cited.

The other article (2749) applies to law-

yers and not especially to attorneys, as we gather from the text in the decision cited.

Attorneys and agents being subject to the same article of the Code, an agency being revokable, the employment of an attorney also may be revoked.

At common law, also, the agency is revokable, as stated in Willcox & Gibbs Co. v. Ewing. 141 U. S. 627, 12 Sup. Ct. 94, 35 L. Ed. 882, citing Story on Agents upon the subject.

The rule in this respect is not entirely unbending, but under other conditions than those prevailing here.

There is an exception when the attorney or agent acquires an interest in the property.

The case of Wylie v. Cox, 15 How. 415, 14 L. Ed. 753, in which the court held that 5 per cent. stipulated on an amount to be recovered against a lien on the fund, is to that extent, in some respects, in point. It specially mentions a lien on the fund, and says nothing about ownership.

This isolates the opinion from all the other decisions upon the subject, in which ownership in the property to be recovered is made the test of an agency with interest.

This decision was rendered by a court of equity in a common-law jurisdiction.

It is not completely similar with the case before us for decision. It is not controlling here.

The articles of the Civil Code lay down a different principle, which is not different from the principles laid down in some of the common-law states.

From the foregoing, we deduce that the test is where there is a mandate with an interest; the agent or attorney acquires a vested right, of which he cannot be diverted by his discharge.

Of course, if plaintiff had acquired an interest, he is entitled to the amount claimed. But, if he was not vested with an interest, it was a mandate which could be terminated, as was done in this instance.

The mandate in question extended to and included only the amount which the attorney was to receive in compensation. That amount was to become his on collecting the fund. He had no ownership in the thing.

We are led at this point to the inquiry, What is the power coupled with an interest?

We find a ready answer by Chief Justice Marshall, in Hunt v. Rousamanier, 8 Wheat. 178, 204, 5 L. Ed. 589. It is that the power delegated to collect, and the interest of ownership in the property, are vested in the same person.

This is not the case here.

The attorney is the agent with only power to collect, and not a word is said about ownership in the res.

To quote specifically:

"The power to produce the interest must be exercised and, by its exercise, it is extinguished."

We have found a number of decisions at common and at civil law sustaining the view before expressed.

The following is from Cyc. vol. 4, p. 991:

"Since, ordinarily, an agreement for a contingent fee does not give the attorney any interest in the subject-matter of the litigation, any disposition the client chooses to make of the case is binding on the attorney; and, if the party dismisses the suit without receiving any compensation, the attorney is entitled to nothing under the contract.

"Where, however, the attorney agrees not to charge any fee, unless successful, it has been held that he may recover a reasonable value for services rendered in cases where the client interferes to prevent success."

The court, in the case of Jackson v. Stearnes, 48 Or. 25, 84 Pac. 798, 5 L. R. A. (N. S.) 390, said:

"In the absence of legislative enactment regulating the matter, the rule is quite general that, prior to securing a judgment or decree in his favor, a party to a suit, or any action, may, without the knowledge or consent of his attorney, compromise the dispute."

The Supreme Court of Indiana decided, in French v. Cunningham, 149 Ind. 632 (49 N. E. 797), as expressed in the syllabus:

"Where the complete performance of a contract between an attorney and client is prevented by the client, the attorney may recover on a quantum meruit for the services rendered."

The attorney's fee was to be one-third of the amount.

The court held that the attorney had the right to recover for services actually rendered.

A similar conclusion was arrived at in Quint & Hardy v. Ophir Silver Mining Co., 4 Nev. 304; also in Gulf, C. & S. F. R. R. Co. v. Miller, 21 Tex. Civ. App. 609, 53 S. W. 709.

It is safe to conclude that the foregoing decisions correctly interpret the common law upon the subject.

The principle governing here is the same under the civil law. The views expressed by Laurent and Troplong upon the subject are approvingly embodied in the decision before referred to, viz., 41 La. Ann. 75, 5 South. 659 (Gurley v. City).

The case of Polsey & Son v. Anderson, 7 W. Va. 202, 23 Am. Rep. 613, is very much in point. Change the names, and the case is similar.

The fee, as in the pending case, was contingent.

The court held that the defendant had a right to dismiss the suit, and that the attorney could recover only on a quantum meruit.

Certainly, if the client had the right to dismiss the suit altogether, causing the destruction of the eventual res, he certainly had the lesser right to contract the res by employing another attorney, leaving to the first the right to recover for his services actually performed.

Plaintiff is not entitled to a fee for services rendered after the discharge.

Forman v. Water Board, 119 La. 49, 43 South. 908.

Now, as relates to Act 124 of 1906, of the General Assembly, relating to fee of attorney: It is of a date long subsequent to the act here; besides, no contract was ever drawn in accordance with the requirement of the act.

Next as to damages, for the recovery of which plaintiff sued: Considering the case from that point of view, now that it is determined that plaintiff had not acquired any part of the property, and that the fee was contingent, and the time within which the services were to be rendered not specified, we take up for decision the question of damages.

We preface it by the statement, however much the plaintiff may be entitled to a fee to the extent of services rendered on a quantum meruit, there can be no recovery of damages. Under the law, he suffered no damages for which an action lies.

In a contract of mandate, a violation by a contractee affords no ground of action for damages (Civil Code, 3028), as it is possible for the contractee to put an end to the mandate without incurring the danger of having to pay damages, however much he may be called upon to pay for services rendered.

For reasons stated, the judgment brought up before us for review is recognized as correct; the writ nisi is recalled and discharged; relator's demand is denied.