ESPADA, PLAINTIFF AND APPELLEE, *v.* UNKNOWN HEIRS OF
RIVERA, DEFENDANTS, (CERVONI, APPELLANT).

APPEAL from the District Court of Ponce in an Action of
Filiation (Substitution of Attorney).

No. 1623.—Decided April 20, 1917.

ATTORNEY AND CLIENT—SUBSTITUTION OF ATTORNEY—COMPENSATION—CONTINGENT
FEE.—A client has the right to terminate the relation between himself and
his attorney at his election, with or without cause, subject only to the right of
the attorney to compensation; and this right cannot be affected by a pre-
vious contract for a contingent fee.

ID.—ID.—APPEAL.—An order of a district court substituting one attorney for an-
other in an action pending before it is not one of the orders enumerated in
section 295 of the Code of Civil Procedure and is not appealable.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The appellee did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was until the 4th of May, 1916, the attorney
of record of Estefanía Espada, the appellee in this case.   On
that date the court issued an order substituting Francisco Pa-
rra as attorney and whether or not there was ground for this
substitution is the subject matter of this appeal.   The appellee
notified the appellant by letter that she no longer wanted him
to represent her and that she did want Francisco Parra.   The
appellant answered the letter, questioning if said letter was
written with her authority, setting up his services, his con-
tingent fee (*contrato cuota litis*), and saying also that his
services were worth two thousand dollars which should be paid
him, but not retiring or offering to retire from the case.
Whereupon the appellee, setting up the various letters, filed
a motion in the District Court of Ponce for a substitution of
attorneys and the court issued a rule to show cause, which
was answered by the appellant, and, at a hearing, decided in
favor of the appellee.

Appellant first complains that he was removed from his
office as attorney on no further showing than that such was

the will of the client and that if such will was absolute there was no reason for issuing the rule to show cause. But the appellant in a long letter himself doubted if such was the will of his client and he had a right to be heard on that point, and on others, and to be notified in the interest of his own future conduct and to show him that the contract was to be terminated.

We think the right of a client to substitute attorneys is absolute. The law is summed up in 2 Ruling Case Law, 957, as follows:

"The authorities universally recognize the right of a client to terminate the relation between himself and his attorney at his election, with or without cause, the existence or non-existence of valid cause for the discharge of the attorney bearing only on his right to compensation. This power cannot be affected by a previous arrangement between the parties, as, for instance, by a contract for a contingent fee. The right of a client to change his attorney at will is based on necessity in view both of the delicate and confidential nature of the relation between them, and of the evil engendered by friction or distrust. According to some decisions, an exception to the general rule as to the power of the client to discharge his attorney at will seems to exist where the power of the attorney is coupled with an interest in the cause of action."

See also *Louque* v. *Dejean,* 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389.

The appellee has presented no brief in this case and the foregoing considerations are an answer to the brief of the appellant. The case must be dismissed for lack of jurisdiction. The order appealed from is not one of those enumerated in section 295 of the Code of Civil Procedure. As appellant, however, might dubiously maintain that the order was a final judgment, with respect to his rights as attorney, we have entered into a consideration of the merits.

The appeal must be

*Dismissed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.