ESPADA DEMANDANTE Y APELADA, *v.* HEREDEROS DESCONOCIDOS
DE RIVERA, DEMANDADOS Y CERVONY, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre filiación (incidente sobre sustitución de abo-
gado.)

No. 1623.—Resuelto en abril 20, 1917.

ABOGADO Y CLIENTE—SUSTITUCIÓN DE ABOGADOS—COMPENSACIÓN—CUOTA LITIS—
INTERÉS EN LA CAUSA DE ACCIÓN.—Un cliente tiene derecho a dar por ter-
minadas las relaciones existentes entre él y su abogado, cuando le conviniere,
mediando o no causa, sujeto únicamente al derecho del abogado a percibir
su compensación, no pudiendo ser afectado este derecho por un contrato previo
de *cuota litis.*

ID.—ID.—APELACIÓN.—Una resolución de una corte de distrito sustituyendo un
abogado por otro, en una acción pendiente ante ella, no está comprendida
entre las enumeradas en el artículo 295 del Código de Enjuiciamiento Civil,
no siendo por tanto apelable.

Los hechos están expresados en la opinión.

El apelante compareció en nombre propio.

La apelada no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Hasta el día cuatro de mayo de 1916, el apelante fué el
abogado de récord de Estefanía Espada, o sea la apelada en
este incidente. En esa fecha la corte dictó una resolución
teniendo al abogado Señor Parra Capó como abogado en sus-
titución del que lo era, siendo el fundamento de esta apela-
ción el hecho de si hubo o no razón para decretar esa susti-
tución. La apelada comunicó por carta al apelante que no
quería que continuara representándola y que deseaba que
su abogado fuera Francisco Parra. El apelante contestó la
carta dudando si dicha carta había sido escrita con autoriza-
ción de ella, haciendo constar sus servicios, su contrato de
*cuota litis,* y manifestando además que sus honorarios va-
lían dos mil dólares que habían de pagársele, pero sin reti-
rarse del caso o prometer que así lo haría. La apelada al
efecto fundándose en las varias cartas que escribió a su abo-
gado radicó una moción en la Corte de Distrito de Ponce pi-
diendo la sustitución de su abogado por el Sr. Parra Capó,

y la corte expidió una orden al objeto de que el apelante mostrara las razones que tuviera para no decretarse la sustitución, orden que fué contestada por el apelante y la corte, después de oir al interesado, resolvió el incidente a favor de la apelada.

Alega el apelante, en primer lugar, que su representación como tal abogado de récord le fué retirada sin haberse acreditado otra cosa más que ese era el deseo de la cliente, y sostiene que si la voluntad de la apelada era absoluta no había razón para que se le citara a mostrar causa. Pero en una larga carta el mismo apelante tuvo dudas de si esa era la voluntad de su cliente y tenía derecho a ser oído sobre ese particular y en cuanto a otros, a ser notificado para saber a qué ajustar su línea de conducta en lo sucesivo, y a que se le pruebe que iba a darse por terminado el contrato.

Creemos que el derecho de un cliente para sustituir a sus abogados es un derecho absoluto. La ley sobre este punto está resumida en el tomo 2 de Ruling Case Law, página 957, como sigue:

"En todas partes reconocen las autoridades el derecho que tiene un cliente para dar por concluídas sus relaciones con su abogado cuando le conviniere, mediando o no causa, y la existencia o inexistencia de una causa válida para retirar al abogado sólo guarda relación con su derecho a una compensación. Esta facultad no puede ser menoscabada por ningún convenio que las partes hayan celebrado anteriormente, como por ejemplo, por un contrato de *cuota litis.* El derecho de un cliente a sustituir a su abogado cuando le plazca descansa en la necesidad y obedece tanto a la índole delicada de la relación que entre ellos existe, como al peligro que pueda surgir por razonamientos o desconfianza. De acuerdo con algunas decisiones parece existir una excepción a la regla general en lo que respecta a la facultad del cliente para retirar a su voluntad al abogado, cuando éste, además de su representación, tiene algún interés en la causa de acción." Véanse también los casos de *Louque* v. *Dejan,* 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389.

En este caso la apelada no ha formulado alegato y las consideraciones que hemos hecho anteriormente son para con-

testar al alegato presentado por el apelante. La apelación debe ser desestimada por falta de jurisdicción. La resolución apelada no está comprendida entre las enumeradas en el artículo 295 del Código de Enjuiciamiento Civil. Como el apelante podría, sin embargo, alegar de algún modo dudoso que la resolución era una sentencia definitiva en cuanto a sus derechos como abogado, hemos considerado los méritos del caso.

La apelación debe ser desestimada.

ᐱ *Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.