LOUIS HY. GOSSERAND

        VS.

EMILE CRESPO et al.

No. 7829

May 31st, 1920.

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff, an attorney at law, claims attorney's fees based upon the following contract:

"Inasmuch as we, the undersigned, inherited from Malvina Songy Crespo, Joachim B. Crespo, Isadora Crespo, and Joachim Crespo certain property which we now hold in indivision, and, as there is absolutely no conflict in the interest of any of us in this property, and, inasmuch as we are all desirous to bring about a partition of the property, we hereby jointly employ L. H. Gosserand, Esq. to represent all and each of us in bringing about this partition. and agree that his fee shall be paid out of the mass".

This contract is signed by Emile Crespo and four others.

Plaintiff avers that by virtue of said contract he rendered valuable services and was actually engaged in the performance of his contract when he was notified by defendants that they repudiated their contract with him, and did not intend to use his services any longer, and that they had employed other counsel; that by reason of his illegal discharge he becomes entitled to all the fees to which he would have been entitled if he had been permitted to perform his whole contract; that the property to be partitioned was of the value of $42266.36; that he is entitled to a fee of Eight Hundred Dollars payable by each defendant according to his virile share.

Defendants filed a beneral denial and specially averred:

"that the said L. H. Gosserand while knowing that your respondents had already employed the firm of Edrington and Edrington as their legal counsel came to your res-

pondents and suggested to them that the bringing of a partition suit was unnecessary, and that he, as attorney for Sidney Crespo, could bring about an amicable adjustment of the differences between your respondents and Sidney Crespo by having made a partition in kind satisfactory to all parties; that under his proposal no partition suit would be brought, but that, on the contrary, he would prepare a tentative partition in kind to be shown by a map, and that, thereafter, if satisfactory to all parties, an act of partition would be agreed upon and passed; that in violation of said agreement and contrary thereto the said L. H. Gosserand immediately instituted a suit against Sidney Crespo together with your respondents as plaintiffs with their brothers Emile and Allen Crespo, which said proceedings were unanthorized, contrary to your respondent's "understanding with the said Gosserand and against their wishes and consent; that upon being notified of the action taken by the said Gosserand in violation of his agreement respondents immediately had the suit brought by the said Gosserand against their consent withdrawn and notified the said Gooserand of said fact; that the said Gosserand having violated his agreement with your respondents is not entitled to any compensation whatsoever."

The trial judge was of the opinion that the plaintiff had been

"discharged without good or sufficient cause" and rendered judgment in his favor. Defendants appealed. This

This Court has decided in the case of Louque vs Dejan, 8 Ct. App., 430 that

"a contract with an attorney at law, for an indefinite period and without any provisions for absolute compensation, is not a hiring of labor, under Civil Code 2749 (2720), but a mandate governed by Article 3028 Revised Civil Code, and revocable at the will of the principal".

This decision is based upon the following authorities:

506

14 A., 330; 41 A., 75. These decision have been affirmed in Louque vs Dejan, 129 La., 519. See also Thornton on Attorneys at Law Sec. 138 p 237. ╳

6 C. J., 673 & 185:

"The relation of attorney and client is peculiar in that the law permits the termination thereof in a manner not recognized in other contracts. Either party may dissolve the relation for cause, and the client may dissolve it without cause". 45 Am. Rep., 263.

§193 . "The law is well settled that a client has the right to discharge his attorney at any time either with or without cause x x The relation between attorney and client is such that the client is justified in seeking to dissolve that relation whenever he ceases to have absolute confidence in either the integrity, the judgment, or the capacity of the attorney". C.J., Agency & 151 p 527; 4 Cyc, 954.

The plaintiff is therefore not entitled to a judgment for the full value of the services he would have rendered had he been permitted to perform them. He is only entitled to the value of services by him rendered up to the date of his discharge. 4 Dalloz Codes p 1097 & 79.

The evidence is that the contract of employment above quoted was signed on March 9th, 1919; that plaintiff prepared his petition for a partition; that the order thereon appointing a Notary and appraisers was signed on March 11th, 1919; that the petition was three pages long and comprised only three tracts of land; on March 13th, he was notified by one of the defendants not to represent her any longer; on March 19 two of the heirs wrote to him cancelling their agreement; on March 24 an Inventory was made and report of experts filed; on April 1st a family meeting was held; on May 19th, the suit was discontinued. No part of the record bears the signature of plaintiff, except the petition for partition and the answer of Elmire Crespo Treuil.

We are of opinion that a fee of Two Hundred *and fifty* Dollars to be paid jointly or one fourth each by the four defendants will be reasonable compensation.

507

The answer of the defendants that the plaintiff was employed to make a partition in kind, that he was to have a map made of the property, and submit it to the defendants, and if the conclusion was reached that no partition in kind was possible, that then plaintiff was to be discharged, is not borne out by the evidence. In the first place the contract does not so state; it is denied by the plaintiff and was not believed by the trial judge. Besides, in their letter to the plaintiff, defendants write under date of March 19th, ten days after the date of the contract and eight days after filing the suit, as follows:

> "We have never discharged Edrington & Edrington, attorneys, and until such time as we discharge them as our attorneys we cannot employ you. Therefore consider our agreement cancelled".
>
> "Signed" Allen Crespo
>
> Emile Crespo.

Not a word is said protesting against the filing of the suit, or about the absence of a map. Mr. Payne, a civil engineer, at the request of plaintiff, called upon the defendants, told them the property could be divided in kind, and offered his services to them to make a map; they refused, on the ground that they would do nothing without the approval of their attorney Edrington, and declined to make a contract with Mr. Payne to prepare a map.

It is therefore ordered that the judgment herein be amended by reducing the amount allowed plaintiff from Eight Hundred Dollars to Two Hundred and fifty Dollars, and as thus amended that it be affirmed, the plaintiff and appellee to pay the costs of appeal.

May 31st, 1920.