ST. PAUL, J.
 

 On March 7, 1919, the defendants signed and delivered the following “authorization to sell,” to wit:
 

 “I hereby appoint Gurley & Parkinson (real estate agents), their heirs or successors, my exclusive agents, and authorize my agents to sell my property known as No. .1402-4 Bordeaux street for the price and sum of ($4,500) forty-five hundred dollars, or any less amount which may hereafter be agreed upon. I give my agents sole control of same from date ana I also obligate myself not to allow other agents to offer this property for sale or to post for sale signs thereon. I also bind myself to refer all applicants for the purchase of said property to my agents, who are hereby authorized to post for sale signs on the property. When this property is sold, I agree and bind myself to pay my agents a commission of 3 per cent., no matter by whom the property is sold. It is understood and agreed that my agents’ labor ceases when’the deposit is up, and that the commission is earned. My agents are authorized to accept a deposit of 10 per cent, of the purchase price, and in case of suit by my agents I will pay 25 per cent. Attorney’s fees and all costs.
 

 “This contract to expire on 30 days’ written notice; and I agree not to withdraw same if a sale is pending.”
 

 I.
 

 On April 12, 1919, defendants notified Messrs. Gurley & Parkinson
 
 by telephone
 
 not to sell the property.
 

 On April 14th Messrs. Gurley & Parkinson wrote defendants as follows:
 

 “In answer to your telephone message of the 12th inst. requesting us to withdraw the property No. 1402-4 Bordeaux street from the market, we wish to say that your contract requires that we be given 30 days’ written notice; we are willing to accept your telephone message as notice to cancel said contract 30 days from that, date, unless a deal is pending in accordance with said contract, but no sooner.
 

 “As authorized by you, we have offered the property for sale at the price named in the contract, $4,500, and should any of our clients sign a written offer we will, of course, insist that you carry out your part of the contract.”'
 

 On April 22, plaintiff made an offer to Gurley & Parkinson, as agents, to purchase the property for $4,600 cash, and to deposit 10 per cent, of the purchase price if 'her offer were accepted.
 

 On May 5th Gurley
 
 &
 
 Parkinson wrote plaintiff asi follows:
 

 “We hereby accept your offer of $4,600 for the property No. 1402-4 Bordeaux street, as authorized by the “authorization to sell” on file in our office. Kindly let us have cheek for $460 in accordance with your offer to purchase.”
 

 On May 6th Gurley & Parkinson wrote defendants as follows:
 

 “We wish to notify you that we have accepted the offer of $4,600 (copy of offer inclosed) made for the property No. 1402-4 Bordeaux street by our client, Mrs. Gertrude H. Fowler, in accordance with authorization on file in our office. Kindly let us have title papers as early p.s possible.” ,
 

 On May 7th plaintiff deposited with Gurley & Parkinson $460 to be applied on the purchase price of said property.
 

 
 *671
 
 II.
 

 The defendants refused to carry out the sale on the ground that “at the time this ■agreement was signed, Messrs. Gurley
 
 &
 
 Parkinson did not have authority to bind Misses N. and G. Phillips to any agreement to sell or of sale”; and so notified plaintiff.
 

 Whereupon plaintiff brings this suit to enforce specific performance.
 

 To >vhich suit the defendants urge a number of defenses, of which we find it necessary to mention only two, to wit, that at the time that Gurley & Parkinson accepted plaintiff’s offer for the property their authority in the premises had been withdrawn; and, in the alternative, that the $460 deposited by plaintiff was
 
 earnest money,
 
 wherefore defendants may withdraw from the sale on returning .the double thereof.
 

 III.
 

 The trial judge disposed of the issues as follows:
 

 “While there may be serious doubt as to the propriety of the real estate agents' accepting plaintiff’s offer to purchase the
 
 property,}
 
 I think that the issue narrows itself down to the question whether or not the money deposited by plaintiff should be considered as earnest money.
 

 “I think this case comes under article 2463 of the Revised Civil Code, which reads as follows: ‘But if the promise to sell has been made with the giving of earnest money each of the contracting parties is at liberty to recede from the promise, to wit, he who has given earnest money by forfeiting it and he who has received it by returning it double.’ See Capo v. Bugdahl, 117 La. 992, 42 So. 478; Smith v. Hussey, 119 La. 32, 43 So. 902; Legier v. Braughn, 123 La. 463, 49 So. 22; and Northcut v. Johnson, 143 La. 447, 78 So. 731. See, also, Terrebonne v. Cheramie, 151 La. 929, 92 So. 388.”
 

 He therefore 'dismissed plaintiff’s demand for specific performance, but condemned defendants to return her double the amount of her deposit.
 

 Both parties have appealed.
 

 IV.
 

 We pretermit the question whether or not an “authorization to sell,” in the form and for the purposes of that hereinabove set forth, be or be not a mere contract of employment to procure a purchaser, rather than a mandate to sell (as to which see Tomlinson v. Allen, 152 La. 41, 92 So. 727, and authorities there cited); and we pretermit also the question whether or not the defendants, by withdrawing their property from sale without 30 days’ written notice provided for in their contract with the real estate agents, thus making it impossible for said agents to effect a sale, did not thereby at once become liable to said agents for their commission (as to which see Rightor v. Aleman, 4 Rob: 45, and Tomlinson v. Allen, supra, wherein this court said: “If the principal should refuse to conclude the sale and convey the property, the prospective purchaser cannot complain, though it well may be that the agent, as a result, may be entitled to his commission.” See, also, R. C. C. art. 2040 (2035), as explained by Porter, J., in Walls v. Smith, 3 La. 499).
 

 But in conceding, for the purpose of this case only, that the “authorization to sell” hereinabove set forth was in form and effect a
 
 mandate to sell
 
 the property, the fact yet remains that, at the, time Gurley & Parkinson acted under it, that
 
 mandate
 
 had been revoked and canceled by defendants, who had the unquestionable right to do so.
 

 Thus article 3028 of the Revised Civil Code)' as amended by Act 19 of 1882, p. 13, reads as follows:
 

 “Art. 3028 (2997). Except in the case of irrevocable powers of attorney, as described in the preceding article (i. e. to transfer on the books of a corporation, stocks, etc., actually sold tho holder of such power - of attorney)
 
 the principal may revolee his power of attorney whenever he thinks
 
 proper, * * * ” (Italics ours.)
 

 And the description of an irrevocable power of attorney, as given by our Code (R.
 
 *673
 
 C. C. art. 3027), is substantially the same as that known to general jurisprudence as .a power “coupled with an interest.” Thus:
 

 “To constitute a power coupled with an interest, a property in the thing which is the subject of the agency or power must be vested in the person to whom the agency or power is given, so that he may deal with it in his own name; such that in the event of tho principal’s death the authority could be exercised in the name of the agent; and hence if the interest of the agent is not such as to enable him to execute the power in his own name, it is not such an interest as precludes termination of the relation by revocation.” 2 Corpus Juris, p. 531, Verbo, “Agency,” § 155.
 

 This definition has been approved, in effect, in Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L. R. A. (N. S.) 389, wherein this court said:
 

 “We are led ¿,f this point to the inquiry: What is a power coupled with an interest?
 

 “We find a ready answer by Chief Justice Marshall, in Hunt v. Rousmanier, 8 Wheat. 178, 204, 5 L. Ed. 589. It is that the power delegated to collect, and the interest of ownership in the property, are vested in the same person.”
 

 I-Ienee it was held in that ease that the mandate of an attorney employed on a contingent fee was not a power coupled with an interest, and might be terminated at the will of principal, reserving to the attorney an action on quantum meruit for services rendered.
 

 V.
 

 Accordingly, whatever may be the rights of Messrs. Gurley & Parkinson to recover commissions, it is clear that they had no such interest or right in the premises as to be entitled to insist that these defendants should proceed with the sale of their property notwithstanding their unwillingness to do so; and still less had Gurley & Parkinson any authority to accept for their account the offer to purchase made by plaintiff after their mandate to sell had been withdrawn.
 

 And it therefore follows that plaintiff took nothing by their acceptance of her offer after their authority to sell had been canceled by defendants.
 

 Our conclusion is that defendants are in no manner bound to plaintiff on account of the acceptance of their offer by Gurley & Parkinson after they had been notified by deféndants not' to sell their property.
 

 Decree.
 

 The judgment appealed from is therefore reversed and set aside, and it is now ordered that plaintiff’s demand be rejected, at her costs, in both courts.