PONDER, Justice.
 

 The plaintiff, Mrs. W. J. O’Neil, owned two certain tracts of land containing 204 acres in the parish of Ascension. On October 28, 1926, she executed a mineral lease on the property to E. W. Smith, who in turn subleased the property to the Gulf Refining Company with other leases he had on adjoining lands.
 

 The Gulf Refining Company on November 10, 1931, entered into a community lease with Mrs. O’Neil and her adjoining neighbors. The Gulf Refining Company subleased its community lease to the Rio Bravo Oil Company, who began drilling operations and brought in a producing well.
 

 On July 27, 1935, Mrs. O’Neil employed Messrs. Tracy & Neuhauser, attorneys, to file suit to set aside this community lease of date, November 10, 1931, and executed a power of attorney to Tracy & Neuhauser. On the same date, Mrs. O’Neil execut
 
 *1005
 
 ed a mineral lease to Messrs. Tracy & Neuhauser. On August 22, 1935, Mrs. O’Neil revoked or attempted to revoke the power of attorney given to the Messrs. Tracy & Neuhauser. On August 26, 1935, the Messrs. Tracy & Neuhauser filed the present suit in the name of Mrs. O’Neil against all of the defendants herein to cancel the community lease on the lands of Mrs. O’Neil praying for an accounting and for judgment for all oils wrongfully taken from her lands. On September 5, 1935, Messrs. Tracy & Neuhauser filed a supplemental petition covering practically the same allegations of the original petition and attached thereto the power of attorney, given them by Mrs. O’Neil, a mineral lease, and a supplemental agreement to the power of attorney. The defendants filed several exceptions. On September 9, 1935, Mrs. O’Neil in proper person and through other counsel, Messrs. Talbot, Blum, and Lemann, filed a motion to dismiss the suit. On the day fixed for the hearing of the motion to dismiss, Messrs. Tracy & Neuhauser filed' an exception of no right or cause of action and a plea of estoppel. The lower court limited the argument and trial, on the motion to dismiss, to the dismissal of the original petition only. Upon submission of the exception of no right or cause of action and plea of estoppel, the exception was overruled by the lower court and the plea of estoppel was rejected. The court sustained the motion to dismiss and dismissed plaintiffs suit, handing down written reasons. From this judgment Messrs. Tracy & Neuhauser appealed.
 

 Upon examination of the record, we find in the power of attorney executed by Mrs. O’Neil to the law firm of Tracy Neuhauser, empowering them to ' take whatever steps were necessary to have the community lease to the Gulf Refining Company canceled, that it is stipulated that the consideration for the services rendered and to be rendered were declared to be valued at $10,000 and that Mrs. O’Neil agreed to execute in favor of the law firm of Tracy & Neuhauser the usual customary oil, gas, sulphur, and other mineral lease. It was also provided in- the power of attorney, that the power being coupled with an interest that it was irrevocable. We also find that on the same date Mrs. O’Neil executed a mineral lease to the law firm of Tracy & Neuhauser. The record discloses that the present suit was brought in the name of Mrs. O’Neil by the law firm of Tracy & Neuhauser after notice had been given them that Mrs. O’Neil had passed a formal act revoking the said power of attorney. The law firm of Tracy & Neuhauser thereafter filed a supplemental petition making themselves parties plaintiff to the suit or interveners. The record shows thereafter that Mrs. O’Neil and her attorneys, Messrs. Talbot, Blum, and Lemann, filed a motion to dismiss the suit, which was duly tried and a judgment was rendered dismissing the suit.
 

 The question presented for our determination is whether or not Mrs. O’Neil has the right to dismiss this suit. This court only recently in the case of United Gas Public Service Co. v. Christian et al., 186 La. 689, 173 So. 174, 175, 176, held that “It is the universally recognized right of a client to revoke the employment of his attorney at will, with or without cause. Rul
 
 *1007
 
 ing Case Law, Vol. 2, § 29, page 957. But there is an exception to this rule if the attorney, in the' contract of employment, acquired an interest in the property, as the contract then has the status of a mandate coupled with an interest. Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.(N. S.) 389. See also, McClung et al. v. Atlas Oil Co. et al., 148 La. 674, 87 So. 515.”
 

 It is the established jurisprudence of this state that the lessee in the usual oil and mineral lease merely obtains a personal right and not a real right in the property. Gulf Refining Co. of La. v. Glassell, 186 La. 190, 171 So. 846.
 

 This court in the case of Fowler v. Phillips, 159 La. 668, 106 So. 26, 27, stated:
 

 “Thus article 3028 of the Revised Civil Code, as amended by Act 19 of 1882, p. 13, reads as follows:'
 

 . “ ‘Art. 3028 (2997). Except in the case of irrevocable powers of attorney, as described in the preceding article (i. e. to transfer on the books of a corporation, stocks, etc., actually sold the holder of such power of attorney) the principal may revoke his power of attorney whenever he thinks proper. * * *’
 

 “And the description of an irrevocable power of attorney, as given by our Code (R.C.C. art; 3027), is substantially the same as that known to general jurisprudence as a power ‘coupled with an interest.’ Thus:
 

 “‘To constitute a power coupled with an interest, a property in the thing which is the subject of the agency or power must be vésted in the person to whom the agency or power is given, so that he may deal with it in his own name; such that in the event of the principal’s death the authority could be exercised in the name of the agent; and hence if the interest of the agent is not such as to enable him to execute the power in his own name, it is not such an interest as precludes termination of the relation by revocation.’ 2 Corpus Juris, p. 531, Verbo, ‘Agency,’ § 155.
 

 “This definition has been approved, in effect, in Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.(N.S.) 389, wherein this court said:
 

 “ ‘We are led at this point to the inquiry: What is a power coupled with an interest ?
 

 “ ‘We find a ready answer by Chief Justice Marshall, in Hunt v. Rousmanier, 8 Wheat. [174], 178, 204, 5 L.Ed. 589. It is that the power delegated to collect, and the interest of ownership in the property, are vested in the same person.’ ”
 

 Hence it is to be seen that the interest must be an interest in the property itself. The lessee has no interest in the property itself and could not act as principal. If we consider the supplemental petition in the light that it made Messrs. Tracy & Neuhauser coplaintiffs, upon the dismissal of the suit in so far as Mrs. O’Neil is concerned, the Messrs. Tracy & Neuhauser as lessees could not maintain this action in their own name. If we were to consider the supplemental petition of the Messrs. Tracy & Neuhauser as an intervention, the intervention would fall when Mrs.
 
 *1009
 
 O’Neil dismissed the suit. In either event, the judgment of the lower court in dismissing the suit was correct. The fact that it was stipulated in the mandate that it was irrevocable could not avail since the very nature of the transaction shows that no interest in the property itself was conveyed to Messrs. Tracy & Neuhauser. Under the plain provisions of the Civil Code,' quoted above, and the interpretation of those articles by this court, it is clearly shown that the mandate may be revoked by will except where the mandate is coupled with an interest in the property itself and that interest must be such an interest that the Messrs. Tracy & Neuhauser could maintain this action in their own name. Therefore, we conclude that the mandate was revocable because Messrs. Tracy & Neuhauser did not have an interest or title in the property itself. However in the present suit the lease of Messrs. Tracy & Neuhauser could not become effective until the community lease was annulled. In considering the mandate and the lease to Messrs. Tracy & Neuhauser in the light of one transaction, they being so interwoven as to constitute one transaction, it is clearly shown that the lease was to become effective by the exercise of the mandate. The very agreement of the parties shows that they recognized that there was a community lease on the property and the employment therein of Messrs. Tracy
 
 &
 
 Neuhauser was for the avowed purpose of annulling the community lease. That being the case, the lease was intended by the parties to become effective when the community lease was annulled. If the community lease was valid, the lease to Messrs. Tracy & Neuhauser could be of no effect. The 'community lease would have to be annulled to give effect to the lease of Messrs. Tracy
 
 &
 
 Neuhauser. If it were the law of this state, which it is not, that the lessee in the usual mineral lease had an interest or title in the property itself, Messrs. Tracy & Neuhauser could not maintain the action for the reason that the interest could not become vested until the community lease was annulled. That being the case, Messrs. Tracy & Neuhauser would acquire an interest only by the exercise of the mandate. For a mandate coupled with an interest to be irrevocable, the power- and the interest must exist at the same time in the same person.
 

 For the reason assigned, the judgment of the lower court is affirmed.
 

 LAND, J., recused.