392 So.2d 726 (1980)
Ralph BOWN, Jr., Plaintiff-Appellee,
v.
Douglas J. HOLLAND et al, Defendants-Appellants.
No. 7900.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*727 Steven Broussard, Lake Charles, for defendants-appellants.
William H. Mouton, Lafayette, for plaintiff-appellee.
Before FORET, LABORDE, and DOUCET, JJ.
DOUCET, Judge.
This is an action for a declaratory judgment. Defendants, Douglas J. Holland, Clara Belle Holland Roberts, Curtis J. Holland and Shirley Ann Holland Reber, appeal a judgment declaring plaintiff, Ralph Bown, Jr., to be the owner of a one-half interest in a mineral royalty, which they allegedly inherited from their father.
The facts are not disputed. On February 14, 1966, defendants' father, Vernon Holland, sold a 40-acre tract of land in Jefferson Davis Parish to Elmer Hayes, reserving certain mineral rights. In the fall of 1978, plaintiff, an independent land man, approached defendants and informed them that they might have a claim to a mineral royalty as a result of the inclusion of part of the land in a producing unit. Defendants agreed to hire plaintiff to secure the recognition of their claim and payment for past due royalties attributable to their interest.
Plaintiff set out the terms of the agreement in a letter to defendants, dated December 1, 1978. It provided in pertinent part:
"I have informed you of a certain mineral royalty interest you may have claims to in a certain 40 acre tract of land (being SE/NE of Sec. 24, 11S-6W, Jefferson Davis Parish, Louisiana) which your father, Vernon Holland, sold to Elmer Hayes on February 14, 1966.
"You have agreed to and hereby engage me exclusively to try to assert such royalty interest claim in your behalf, and I have agreed to make a bonafide best effort attempt to do so at my cost and expense, provided that at my discretion I may discontinue such efforts, and so notify *728 you, and in such event neither of us shall thereafter have any further obligations hereunder.
"In consideration for my services and expense, you agree to give me one-half of whatever royalty interest I am able to recover, confirm or establish for you, including one-half of any money recovered relating to past production attributable to such interest.
"By this letter you also give me full legal authority to represent you and make demands in your behalf in this matter, and you agree to promptly execute any formal documents that might become necessary to accomplish the purposes of this agreement.
"If the foregoing also states your understanding of our agreement, please sign and return the original copy of this letter for my file. This letter agreement may be executed in counterparts each of which shall be binding on the parties executing the same regardless of whether all of the claimants join hereunder."
The letter was signed on December 7, 1978 by all of the defendants except Shirley Ann Holland Reber, who signed it on January 5, 1979.
After presenting the agreement to defendants for their signatures, plaintiff searched the public records of Jefferson Davis Parish and prepared a written demand for payment in which he set out defendants' chain of title to the royalty. On December 15, 1978, he submitted the demand to Natomas North America, Inc., the operator of a unit containing part of the 40 acre tract formerly owned by Vernon Holland. Subsequently, defendants employed an attorney to assert their claim and notified plaintiff of their intent to discharge him. Notice was given by means of phone calls placed on or about January 9, 1979, which were confirmed by letters dated January 16, 1979.
As a result of defendants' efforts to dismiss him, plaintiff brought this suit, seeking a declaration that the contract is enforceable and that he is entitled to the full measure of compensation that it provides for his services. The trial court, apparently relying on the general provisions of the Civil Code governing conventional obligations, concluded that plaintiff's partial performance precluded defendants' withdrawal from the contract. Judgment was rendered in plaintiff's favor, declaring that the contract is valid and enforceable, and that plaintiff is entitled to a one-half interest in the royalty reserved by defendants' father in the sale of the property, and to one-half of the proceeds, if any, which may be recovered as a result of that royalty.
Defendants appealed, arguing that the trial judge erred in finding that they did not have the right to withdraw from the contract. They contend that the contract established a mandate, which was revocable at their will. Alternatively, they argue that the contract was null and void, because it contained a potestative condition, which gave plaintiff the unilateral right to discontinue his efforts at his discretion.
The first issue raised by defendants' arguments concerns the characterization of the contract between the parties. Although the trial judge did not expressly deal with this issue in his written reasons for judgment, it appears that he viewed the agreement as a simple contract for the procuration of personal services. Defendants argue, however that it was a mandate, which LSA-C.C. Art. 2985 defines as "an act by which one person gives power to another to transact for him and in his name, one or several affairs."
We agree that the contract between the parties falls squarely within the purview of that definition. Defendants did not simply engage plaintiff to perform personal services; they vested him with a representative capacity. Gurley v. City of New Orleans, 41 La.Ann. 75, 5 So. 659 (1889). We must therefore look to the rules peculiar to mandates in resolving the issue of defendants' right to withdraw from the agreement, rather than the general provisions governing conventional obligations that the trial court apparently relied on.
*729 The general rule is that mandates are revocable at the will of the principal. LSA-C.C. Art. 3028, Francis v. Bartlett, 121 So.2d 18 (La.App. 2nd Cir. 1960); Neiman-Marcus Company v. Viser, 140 So.2d 762 (La.App. 2nd Cir. 1962); Alphonse Brenner Company, Inc. v. Dickerson, 283 So.2d 849 (La.App. 2nd Cir. 1973). There is an exception to this rule, however. When the mandatory acquires an interest in the property that is the subject of the mandate, such that he may deal with it in his own name, the mandate is irrevocable. LSA-C.C. Art. 3027; Marchand v. Gulf Refining Company of Louisiana, 187 La. 1002, 175 So. 647 (1937); Eduardo Fernandez Y Compania v. Longino & Collins, 199 La. 343, 6 So.2d 137 (1942); Robinson v. Hunt, 211 La. 1019, 31 So.2d 197 (1946); Succession of Zatarain, 138 So.2d 163 (La.App. 1st Cir. 1962).
Plaintiff argues that he acquired such an ownership interest in this case, citing Robinson v. Hunt, supra. We find no merit in that contention, however. The mandate in Robinson was described by the court as follows:
"This document, as we have previously pointed out, constituted and appointed Caplow agent and attorney in fact with full right, power, and authority, among other things, to negotiate for and settle all claims in and to the real property, oil, gas, and other mineral rights in the lands known as the Pinhook Plantation, and with reference to this property to execute and sign deeds, etc. It then conveyed to said agent, Caplow, with full warranty of title an undivided 20 per cent in all the oil, gas, and other minerals in the same property concerning which he was given the power and authority to act for them and in their behalf as agent. The consideration was named as services rendered by Caplow and other good and valuable consideration, receipt and sufficiency of which were acknowledged by each principal. (Emphasis added.)
31 So.2d at page 211.
The language of the agreement in this case is significantly different. It does not convey title to an interest that plaintiff can deal with in his own name. It simply obligates defendants to effect such a transfer in the event that a royalty interest is "recovered, confirmed or established." Plaintiff's right to collect his fee was not made absolute; it was contingent on his ability to accomplish the purpose of the agreement.
Under these circumstances, we find that the trial court erred in concluding that plaintiff is entitled to the full measure of compensation provided for in the agreement. Defendants had the right to revoke the mandate under LSA-C.C. Art. 3028, and when they did so, the effect was the same as when a client revokes a mandate given to an attorney at law. It ended the contract and rendered its compensation provision unenforceable. Plaintiff is entitled to compensation for the services that he rendered prior to the revocation. However, it must be sought on a quantum meruit basis. Simon v. Metoyer, 383 So.2d 1321 (La.App. 3rd Cir. 1980).
For these reasons the judgment of the trial court is reversed and set aside, and judgment is rendered in defendants' favor, dismissing plaintiff's suit. All costs of the trial court and this court are assessed against the plaintiff.
REVERSED AND RENDERED.