GUIDRY, Judge.
Plaintiff, Celeste Landreneau, widow of Clifford J. Granger, instituted this suit against defendants, Luther Charles Granger (plaintiff’s son) and Roland Smith (plaintiff’s son-in-law) seeking a declaratory judgment decreeing that a power of attorney and management contract executed by the above parties is revocable at the will of the principal. Plaintiff also seeks judgment requiring defendants to render a full accounting to plaintiff of their management of her properties. The trial court, without assigning written reasons for judgment, concluded that the agreement in dispute was not revocable and rendered judg *635 ment in favor of the defendants denying to plaintiff all relief sought.[1] Plaintiff appeals from that judgment.
The facts of the instant case are undisputed. On February 25, 1978, shortly after the death of her husband, Mrs. Lan-dreneau and the defendants executed an agreement entitled, “Power of Attorney and Management Contract”, wherein plaintiff appointed defendants to be “her true and lawful agents and mandataries.” The aforesaid agreement, in pertinent part, provided that the defendants were empowered:
“1. To receive and grant acquittance for all monies and properties payable to her, and to that end to endorse and negotiate checks, and bills of exchange made payable to her, or to the said succession or the said decedent;
2. To pay, settle, and compromise all obligations due by her or the said succession, and, to that end, to withdraw monies from any bank or other depository;
3. To grant agricultural leases for a period not in excess of three (3) years on terms determinable solely by the said mandataries;
4. To grant oil, gas, and mineral leases, grant mineral servitudes, sell royalty interests, grant mineral exploration privileges, execute for them unitization and pooling agreements, and sell timber on terms determinable solely by the manda-taries;
5. To incur obligations for the maintenance, upkeep, and improvement of the said property, not including the construction of buildings thereon;
6. To grant rights-of-way and servi-tudes for pipelines, telephone, telegraph, and electric transmission poles, canals, streets, sidewalks, passage, drain, and view;
7. To institute and defend such actions as the management of her properties may require to be instituted or defended;
8.Generally, to conduct, manage, and transact all her affairs and business related to the saúd property, in her place and stead, subjeLt ip the following limitations: - .
1. The mandataries\ñh< have~ no power to alienate or mértgage‘Nike said properties, except as above expreslS^t^. given.
2. The mandataries shall act jointly and concurrently in the exercise of their powers hereunder, and no act of one alone shall be effective without the concurrence or subsequent ratification of the other, but one may delegate his authority to the other.
3. This mandate is irrevocable, being coupled with an interest, the Agents undertaking to manage the said properties as prudent administrators for a period of -20- years, in return for which the Principal \ elinquishes control thereof to the extent hereinabove stated and limits her dominion over same as follows:
a. The Principal can neither alienate nor mortgage any of her property without the concurrence of the Agents.
b. The Principal can incur no indebtedness, however, secured, in excess of $1.000.00 without the concurrence of the Agents.”
The power of attorney and management contract by particular provision, affects:
“1. All of the properties acquired by her from the Succession of Clifford J. Gran-ger and their former community, whether directly or by virtue of donations thereof from other parties at interest.
2. All of the Principal’s immovable properties, however acquired.”
Some 16 months subsequent to the signing of the agreement, plaintiff decided that she desired to undertake the management of her own affairs and property and notified defendants through their legal counsel of her decision to revoke the aforesaid mandate agreement. Defendants’ failure to re *636 spond to plaintiff’s demand iresulted in the filing of the instant suit. Defendants answered plaintiff’s petition alieiging that the mandate was valid ah<^ enííorceable and could not be reyokefL j^ov.-'-the will of the principal (plaintiff/ herein). We observe that tjj&Vrial recolrd contains extensive tes-li-Bifony pertaining 'to the manner in which plaintiff’s affairs were managed by defendants pursuant to the disputed agreement. This testimony was admitted over objection of plaintiff’s counsel as being irrelevant and immaterial to the issue of revocability or non-revocability of tiré agreement. We conclude that such testimony was clearly inadmissible on that issue, however, such error was harmless.
The principal issue presented on appeal is whether or not the disputed power of attorney and management contract is revocable at the will of the principal.
The Louisiana Civil Code provides, in pertinent part, as follows:
Article 3027 provides:
“The procuration expires:
By the revocation of the attorney.
By the attorney’s renunciation of the power.
By the change of condition of the principal.
By the death, seclusion, interdiction or failure of the agent or principal.
But the powers of attorney by public act or by writings under private signature, or by letter, to transfer on the books of stock corporations, bonds or shares of stock in said corporations, shall be irrevocable, and shall not expire by the death, seclusion, interdiction or failure of the principals, where the said bonds or shares of stock have been previously sold to the persons holding the said powers of attorney, for value received, and said facts are set forth in such powers of attorney.”
Article 3028 provides:
“Except in the case of irrevocable powers of attorney, as described in the preceding article, the principal may revoke his power of attorney, whenever he thinks proper, and if necessary, compel the agent to deliver up the written instrument containing it, if it be an act under private signature.”
Generally, mandate agreements are revocable at the will of the principal except in those special instances of irrevocable powers of attorney as provided in LSA-C.C. Art. 3027. See LSA-C.C. Art. 3028; Francis v. Bartlett, 121 So.2d 18 (La.App. 2d Cir. 1960); Neiman-Marcus Company v. Viser, 140 So.2d 762 (La.App. 2d Cir. 1962); Alphonse Brenner Company, Inc. v. Dickerson, 283 So.2d 849 (La.App. 2d Cir. 1973); Bown v. Holland, 392 So.2d 726 (La.App. 3rd Cir. 1980). However, our jurisprudence has established an exception to that general rule which is to the effect that if a mandatary acquires an interest in the property that is the subject of the mandate, such that he may deal with it in his own name, the mandate is irrevocable. LSA-C.C. Art. 3027; Marchand v. Gulf Refining Company of Louisiana, 187 La. 1002, 175 So. 647 (1937); Eduardo Fernandez Y. Compania v. Longino and Collins, 199 La. 343, 6 So.2d 137 (1942); Robinson v. Hunt, 211 La. 1019, 31 So.2d 197 (1946); Succession of Zatarain, 138 So.2d 163 (La.App. 1st Cir. 1962.)
Defendants urged in the trial court that the agreement in dispute fell within the aforesaid jurisprudential exception. Although the trial judge failed to assign written reasons for his decision, we assume that he agreed with defendants’ contention. After a careful review of the record and the applicable jurisprudence, we conclude that the agreement at issue does not constitute a mandate coupled with an interest, but rather, is merely a simple mandate agreement revocable at the will of the principal. In Marchand, supra, the Louisiana Supreme Court, quoting from the case of Fowler v. Phillips, 159 La. 668, 106 So. 26, 27, stated:
“And the description of an irrevocable power of attorney, as given by our Code (R.C.C. art. 3027), is substantially the same as that known to general jurisprudence as a power ‘coupled with an interest’. Thus:
“ ‘To constitute a power coupled with an interest, a property in the thing which *637 is the subject of the agency or power must be vested in the person to whom the agency or power is given, so that he may deal with it in his own name; such that in the event of the principal’s death the authority could be exercised in the name of the agent; and hence if the interest of the agent is not such as to enable him to execute the power in his own name, it is not such an interest as precludes termination of the relation by revocation.’ 2 Corpus Juris, p. 531, Verbo, ‘Agency,’ § 155.
“This definition has been approved, in effect, in Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L.R.A.(N.S.) 389, wherein this court said:
“ ‘We are led at this point to the inquiry: What is a power coupled with an interest?
“‘We find a ready answer by Chief Justice Marshall, in Hunt v. Rousmanier, 8 Wheat. (174), 178, 104, 5 L.Ed. 589. It is that the power delegated to collect, and the interest of ownership in the property, are vested in the same person.’ ”
Recently, our court in Bown v. Holland, 392 So.2d 726 (La.App. 3rd Cir. 1980), in addressing the issue of what constitutes a mandate coupled with an interest, contrasted the facts before it with those of Robinson v. Hunt, supra. The mandate agreement in Robinson v. Hunt, supra, was described by the court as follows:
“This document, as we have previously pointed out, constituted and appointed Caplow agent and attorney in fact with full right, power, and authority, among other things, to negotiate for and settle all claims in and to the real property, oil, gas, and other mineral rights in the lands known as the Pinhook Plantation, and with reference to this property to execute and sign deeds, etc. It then conveyed to said agent, Caplow, with full warranty of title an undivided 20 per cent in all the oil, gas, and other minerals in the same property concerning which he was given the power and authority to act for them and in their behalf as agent. The consideration was named as services rendered by Caplow and other good and valuable consideration, receipt and sufficiency of which were acknowledged by each principal.” (Emphasis added)
The Bown court noted that the agreement before it was significantly different from the mandate in Robinson v. Hunt, supra, and was therefore revocable at the will of the principal. Specifically, the agreement at issue in Bown did not convey title to a present interest that the mandatary could deal with in his own name.[2] In the instant case, the agreement at issue clearly does *638 not convey or purport to convey a present interest as in Robinson v. Hunt, supra, or even a contingent interest as in Bown v. Holland, supra, rather, such agreement makes no conveyance whatever of any interest in the subject property to the manda-taries. Additionally, the language of the contract clearly provides that defendants do not have the right and power to deal with the plaintiff’s properties in their own name. Further, the mandataries were given no power or authority to alienate or mortgage plaintiff’s properties.
Although the power of attorney and management contract contains language designating the agreement as a mandate coupled with an interest and that it is irrevocable, such language is of no legal effect. In Marchand, supra, the Court noted,
“The fact that it was stipulated in the mandate that it was irrevocable could not avail since the very nature of the transaction shows that no interest in the property itself was conveyed to Messrs. Tracy and Neuhauser.”
We conclude that the long-standing jurisprudential exception to the general rule of revocability of mandate agreements does not require further elaboration. We determine that the contract in dispute is nothing more than a simple mandate agreement which is revocable at the will of the principal as provided by statute.
For the reasons assigned, the judgment of the trial court is reversed and set aside and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Celeste Landreneau, and against defendants, Luther Charles Granger and Roland Smith, decreeing that the agreement entered into by and between such parties entitled “Power of Attorney and Management Contract,” dated February 25, 1978, passed before Donald J. Tate, Notary Public, be and the same is hereby declared to be a Power of Attorney, revocable at the will of the principal, Celeste Landreneau. It is further ordered, adjudged and decreed that plaintiff’s right to require a full accounting from Luther Charles Granger and Roland Smith, in connection with their management of her properties under the agreement herein referred to, is reserved to her.
It is finally ordered, adjudged and decreed that defendants pay all costs incurred at the trial level and on appeal.
REVERSED AND RENDERED.

. No mention is made in the judgment of plaintiffs demand for an accounting. The judgment of the trial court simply maintained the validity of the power of attorney and management contract and dismissed plaintiff’s suit at her cost.

. In Bown v. Holland, supra, the terms of the disputed agreement as set out in a letter dated December 1, 1978 from plaintiff to defendants provided in pertinent part as follows:
“I have informed you of a certain mineral royalty interest you may have claims to in a certain 40 acre tract of land (being SE/NE of Sec. 24, 11S-6W, Jefferson Davis Parish, Louisiana) which your father, Vernon Holland, sold to Elmer Hayes on February 14, 1966.
“You have agreed to and hereby engage me exclusively to try to assert such royalty interest claim in your behalf, and I have agreed to make a bonafide best effort attempt to do so at my cost and expense, provided that at my discretion I may discontinue such efforts, and so notify you, and in such event neither of us shall thereafter have any further obligations hereunder.

“In consideration for my services and expense, you agree to give me one-half of whatever royalty interest I am able to recover, confirm or establish for you, including one-half of any money recovered relating to past production attributable to such interest.

“By this letter you also give me full legal authority to represent you and make demands in your behalf in this matter, and you agree to promptly execute any formal docu'ments that might become necessary to accomplish the purposes of this agreement.” (Emphasis ours)
After defendants signed the agreement, plaintiff searched the parish public records and prepared and submitted to the unit operator a written demand for payment in which he set out defendants’ chain of title to the royalty. Subsequently, defendants employed an attorney to assert their claim and notified plaintiff of their intent to discharge him. Plaintiff brought suit contending that the contract was enforceable and sought full compensation for his services. This court concluded that the contract was merely a simple mandate agreement, therefore, revocable at the will of the principal.