Judge Ewing
delivered the Opinion of the Court.
Lawrence Ashton, as the agent and attorney in fact of Mace Clements, sold to Hancock, a tract of land of two hundred and twenty acres, and executed to him a deed, in 1830; for which Hancock executed to Ashton, three notes, payable at different times; the last of which for one hundred dollars, Ashton assigned to Byrne; who brought suit, and recovered judgment, on the same, for the amount.
Hancock having given Lewis as bail, a scire facias was sued out against him; whereupon, Hancock filed his bill enjoining the judgment, in which he alleges, that Ashton falsely and fraudulently represented to him, that he was the lawful attorney in fact of Mace Clements, and had full power to sell said land, and was largely interested in the connection, of which the land sold was a part, and exhibited to him his letter of attorney as evidence thereof; whereas, said power had been long before revoked by Clements, and the whole connection of land sold to one Nowel; which was all well known to Ashton, but fraudulently concealed from the complainant. He prayed a rescission of the contract, and a cancelment of the notes, making Byrne, Ashton, Clements and Nowel parties.
Byrne answered, denying any knowledge of the matters charged, and requiring proof, and insisting, on his purchase of the note bona fide, and for a valuable consideration. The other defendants failed to answer, and the bill was taken for confessed against them.
The Circuit Court dissolved the injunction, and dismissed the bill as to all the defendants, but Ashton, cancelled the contract with him, and decreed over against *514 him in favor of the complainant, the amount of the judgment in favor of Byrne. And Hancock has brought the case to this Court, and assigns for error, the dissolution of his injunction, and dismissal of his bill against Byrne.
A conveyance made by virtue of a power of attorney will be good, notwithstanding the previous revocation of the power, unless it is shown, that the purchaser had notice of the revocation.
A power coupled with an interest, is not revocable.
A recital in a deed of confirmation, is no evidence of the existence of the original deed, against a purchaser holding a deed from the same grantor, made before the deed of confirmation. It is but the declaration of the parties to the deed; and a party can never impair the title of his vendee, by subsequent declarations.
Two grounds are taken to support the decree:—first—that any testimony less than the subscribing witness, is insufficient to identify the note, and prove its consideration, when he can be had; second—that the grounds relied on, are insufficient to dissolve the contract as to Byrne.
First. The note not only bears even date with the deed for the land, but it also expresses on its face, that it is given as the last payment for a tract of land sold by Ashton, as the agent of Clements, to Hancock. In the absence of all proof of any other contract between the parties, this is doubtless sufficient to identify and connect the note with the sale of the land, and prove its consideration.
Though the evidence of the subscribing witness is the best in the grade of parol testimony, it is not better than written, or than facts deducible from written evidence. And, though better than the testimony of another witness, if the evidence of another be used and not objected to, the Court cannot close its eyes against the fact proven by it. Much less can it close its eyes against the facts exhibited upon the face of the writing, or fairly deducible from it.
Second. Though in the case of an executory contract to convey, upon a bill filed to dissolve, it lies upon the defendant to show title: in the case of an executed contract, it lies on the complainant to show a want of it. By the acceptance of the deed, he has acknowledged title, and the burthen of proof is thrown upon him, to show that it is defective. Tested by this latter rule, as the complainant has accepted a deed, it lies upon him to show that his title is not good. In this, it is evident he has failed as to Byrne.
Though there is evidence tending to show, that the power given by Ashton to sell, was revoked before the *515 execution of the deed to the complainant—it is not pretended that the complainant had notice of the revocation. Indeed, he charges in his bill, that he had no notice of it. This being the case, his title is not affected by the revocation. 2 Kents Com. 644.
Besides: there is evidence tending to show, that the power was coupled with an interest, and for that reason, was not revocable.
The charge made in the bill, that Clements had, by prior deed, sold the land to Nowel, is not sustained by proof. It is true, that a deed, purporting to have been executed in 1829, is relied on. But the execution, or existence, of that deed, was not otherwise proven, than by recital in a deed of confirmation bearing date long after the deed to the complainant, and the assignment of the note to Byrne, to wit. in 1833.
That recital can amount to no more than the declaration of Clements and Nowel, made after the accrual of title to the complainant and Byrne, which can avail nothing.
But if it were competent to prove the recited deed, the deed, upon its face, excepts from its operation, Ashton’s “ interest in the land conveyed;” and it is not made to appear that his “interest” was less than the quantity sold to the complainant, or that it did not embrace the parcel sold.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be affirmed, with costs, and damages upon the damages awarded below.