## Moore v. Garred.

(Decided February 7, 1928.)

### Appeal from Lawrence Circuit Court.

1. Principal and Agent.—Where heirs of deceased executed instrument empowering his widow to dispose of estate which did not give her power to convey in her own name, held, that instrument was power of attorney, and gave her no rights in property, and hence on death of heir, her power as to his interest in property terminated and purchaser could not be compelled to accept a conveyance under such power, since interest of heir descended to his child, subject to mother's dower, which would be unaffected by conveyance.

2. Principal and Agent.—Where only interest is compensation to be gained from proceeds of sale of property, there is no authority coupled with an interest.

CAIN & THOMPSON for appellant.

C. F. SEE, JR., and M. S. BURNS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

A. J. Garred died a resident of Lawrence county on February 2, 1926, the owner of real and personal estate. He left surviving his widow, Jennie V. Garred, and two

children, Victoria and Richard. Victoria was the wife of Lyndon Brode. Ollie May Garred was Richard's wife and they had an infant daughter, Lyda, about 3 years old. On February 11, 1926, the following writing was executed:

"This contract made and entered into this 11th day of February, 1926, by and between Richard V. Garred, Ollie May Garred, Victoria G. Brode, and Lyndon Brode, of the first part, being the children, daughter-in-law, and heirs at law of the late A. J. Garred, deceased, and Jennie V. Garred, wife of the late A. J. Garred, deceased, party of the second part, witnesseth: Whereas all the above-named parties are all heirs at law of A. J. Garred, Richard V. Garred and Victoria G. Brode being children, and Jennie V. Garred being the wife of the late A. J. Garred, and all parties hereto being all of legal age and authorized to contract and do business, and in order to close up the estate of the late A. J. Garred, deceased, the parties of the first part do hereby contract with the party of the second part and for and in consideration of her services grant to her the full right and power to bargain and sell, trade and transfer any personal property or real estate that belonged to the late A. J. Garred, deceased, and we give and grant to her full power to sign our names if necessary to any writing, deed, or other instrument necessary in the settling up of the estate. This agreement is made for the purpose of closing up the estate according to law or the Statutes of Kentucky, as the deceased, A. J. Garred, so far as the parties hereto know, had not made a will, and this contract is made so that it may be carried out by the parties hereto, and should anything happen to any of the above-named parties this contract is intended to and does give Jennie V. Garred the right to make a good title to any property that she may desire to sell or in any way to transact the business of settling up the estate, and when said property is sold as personal property, the proceeds of the same is to be divided among the heirs in accordance with the Statutes on personal property, and should she sell any of the real estate, then the proceeds of the real estate is to be divided between the heirs hereto in accordance with the Statutes of real estate; that is to say, that Richard V. Garred, or

his heirs, Victoria Garred, or her heirs, are to have one-fourth (1/4) each of the personal property and one-third (1/3) of the real estate, after the debts are paid of the late A. J. Garred, deceased, including funeral expenses or any other debt that he is legally bound on.

"We have each signed our names to the foregoing the day and year first above written.

"The word 'fourth' and the figure '4' were entered above before this agreement was signed.

"(Signed) Richard V. Garred.
"Ollie May Garred.
"Victoria G. Brode.
"Lyndon G. Brode.

"Witness:
"Dora V. Garred.
"G. R. Vinson."

The paper was duly recorded. After this Richard V. Garred died leaving surviving him his widow, Ollie May, and the infant daughter Lyda. After his death Mrs. Jennie V. Garred, pursuant to the paper, sold to John M. Moore, for $3,500, a house and lot in Louisa, which was a part of the estate of her husband, A. J. Garred. On March 19, 1927, she tendered Moore a deed for the property, which he declined to accept, on the ground that her powers under the paper terminated as to Richard V. Garred's interest in the property on his death. Thereupon she brought this suit to enforce the contract. Moore defended, setting up the facts above stated.

The circuit court gave judgment for the plaintiff. Moore appeals. The only question presented by the appeal is, should Moore be required to accept the deed tendered to him? In 2 C. J. p. 546, sec. 179, the rule is thus stated:

"It is a well-established rule of the common law that, since an agent can and does act only in the name of the principal and executes his will, the death of the principal ordinarily works an immediate termination of the authority of the agent by operation of law unless the agent's authority is coupled with an interest in the subject-matter."

As it is conceded that Richard Garred was dead leaving an infant child as his heir at law, the only question presented is whether Mrs. Jennie V. Garred's authority

was coupled with an interest in the subject-matter. As to what is an authority coupled with an interest, the United States Supreme Court, by Chief Justice Marshall in Hunt v. Rousmanier, 8 Wheat. 205, 5 L. Ed. 589, thus stated the rule:

> "The interest or title in the thing being vested in the person who gives the power remains in him, unless it be conveyed with the power, and can pass out of him only by·a regular act in his own name. The act of the substitute, therefore, which, in such a case, is the act of the principal, to be legally effectual, must be in his name, must be such an act as the principal himself would be capable of performing, and which would be valid if performed by him. Such a power necessarily ceases with the life of the person making it. But if the interest, or estate, passes with the power, and vests in the person by whom the power is to be exercised, such person acts in his own name. The estate, being in him, passes from him by a conveyance in his own name. He is no longer a substitute, acting in the place and name of another, but is a principal acting in his own name, in pursuance of powers which limit his estate."

This is the leading case on the question and has been often followed and approved. Sec. 2 C. J. pp. 549, 550; 1 Mechem on Agency, secs. 658-662, and cases cited.

It will be observed that by the instrument above quoted the signers only granted to Mrs. Jennie V. Garred the power to sell and transfer the property that belonged to A. J. Garred and gave her power to sign their names to any deed or other instrument necessary in the settling up of the estate, and to make a good title to any property that she desired to sell. This is a mere power of attorney. It does not give her power to sell or convey in her own name. It vests no title in her to the property of Richard V. Garred or Victoria G. Brode. It is true that she had a dower interest in the estate and she had an interest in the land to this extent, but she had no interest in that part of the estate which descended to Richard V. Garred or Victoria ·G. Brode. The paper is simply a power of attorney to her to sell their interest, but it gave her no rights therein. The paper vested no title in Mrs. Jennie V. Garred. The deed which she tendered to Moore is signed thus, by her, "Jennie V. Garred, Widow of A. J. Garred, Richard V. Garred per Jennie V. Garred,

Attorney," and on its face sets out that the deed is made under the instrument above quoted.

While it is true that by this instrument Richard Garred and his sister each receives one-third of the proceeds of the real estate and Mrs. Jennie V. Garred receives the other third, which would be more than her dower interest in the land, this excess which she would get under the contract over and above her dower interest is only an interest in the proceeds, and it is well settled that:

> "Where the only interest is compensation to be gained from the proceeds of the sale of property, there is no authority coupled with an interest." 1 Mechem on Agency, sec. 663, and cases cited.

> "The power and the interest are united in the same person. But if we are to understand by the word 'interest,' an interest in that which is to be produced by the exercise of the power, then they are never united. . . . The power ceases when the interest commences, and therefore cannot, in accurate law language, be said to be 'coupled' with it." Hunt v. Rousmanier's Adm'r, 8 Wheat. 204, 5 L. Ed. 589.

In Weaver v. Richards, 144 Mich. 395, 108 N. W. 382, 6 L. R. A. (N. S.) 855, the heirs of a decedent signed a similar paper, two of them died, the agent's authority was held revoked. The court said:

> "The fact that the attorney is given the right to compensation from the proceeds of the sale does not make the power one coupled with an interest."

A like conclusion was reached in Mills v. Smith, 193 Mass. 11, 78 N. E. 765, 6 L. R. A. (N. S.) 865, though in that case it was held that the estate was liable for services rendered.

Upon the death of A. J. Garred, intestate, his real estate descended to his two children, subject to the dower of their mother. Upon Richard's death, his half of the real estate, subject to his mother's dower, descended to his infant daughter, Lyda, subject to her mother's dower; for no title had been conveyed by him to his mother, and the title that then vested in the infant was unaffected by the deed tendered to Moore.

Judgment reversed, and cause remanded for a judgment as above indicated.