## Richardson et al. v. Lawson.

(Decided February 14, 1930.)

HENRY JACKSON, for appellants.

SANDERS E. CLAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming on original and reversing on cross-appeal.

George F. Anderson and his wife, Mary E. Anderson, died residents of Boyle county and intestate, leaving surviving them as their only heirs, Lillian A. Richardson, who married H. A. Richardson; Marguerite A. Faulconer, who married W. J. Faulconer; Roy Anderson, who married Anna Fox Anderson, and Charles F. Anderson, a widower, who resided in Miami, Fla., and who had one girl child eight years old, Mary Elizabeth Anderson. The four heirs of George F. Anderson were each adults, and at the time of his death he owned a farm

near Danville, Ky., containing about 265 acres. On September 26, 1929, the nonresident heir, Charles F. Anderson, executed, acknowledged, and delivered a general power of attorney to H. A. Richardson, whereby he vested in the latter full power and authority to sell and convey the interest of Charles F. Anderson in and to the Boyle county farm, and the attorney under that power, with the other three heirs and their spouses, effected a sale of the farm to the appellee and plaintiff below, C. M. Lawson, and on October 24, 1929, they executed to him a title bond whereby the grantors therein agreed to convey the farm to the purchaser on January 1, 1930, in consideration of $26,663.30, one-tenth of which was paid at the time, and the balance of one-third of which was to be paid when the deed was made and notes were to be executed for the other two-thirds due in one and two years respectively, bearing interest from January 1, 1930, when the deed was to be executed and plaintiff put into possession.

Before the arrival of the date for the execution of the deed, Charles F. Anderson died intestate at his home in Florida, leaving surviving him as his only heir his infant child, Mary Elizabeth Anderson. On or about January 1, 1930, the three surviving adult heirs of George F Anderson and H. A. Richardson as attorney in fact for Charles F. Anderson (then deceased), executed and tendered to plaintiff a deed to the farm pursuant to the terms contained in the title bond that they had executed and delivered to plaintiff on October 24, prior thereto. Plaintiff declined to accept the deed or to comply with the terms of the contract, upon the ground that the power of attorney executed by Charles F. Anderson to H. A. Richardson was ipso facto revoked by the death of the former, and therefore the tendered deed was insufficient to convey to plaintiff the one-fourth interest in the farm inherited by Charles F. Anderson. He later filed this action in the Boyle circuit court against all the heirs, including the nonresident infant, and he also made the resident administrator of Charles F. Anderson, and the resident statutory guardian of the infant, parties defendant, and prayed that the court direct its master commissioner to execute a deed to him conveying the one-fourth undivided interest inherited by Charles F. Anderson, the proceeds of which was inherited by his daughter, the infant defendant, Mary Elizabeth Anderson.

He alleged in his petition the facts as above outlined, and expressed his willingness to accept conveyances by the master commissioner, and the other three adult heirs of George F. Anderson, and to perform his contract pursuant to the terms of the title bond theretofore executed to him; but he insisted in his petition that he should not pay interest, either on the cash payment or on the two notes executed for the deferred payment from January 1, 1930, since he neither obtained possession, nor the right of possession, to the farm at that time, and would not do so until the execution of the judgment for which he prayed in his petition. He therefore asked that defendants be required to accept the one-third cash payment without interest from January 1, 1930, and that his notes for the deferred payments bear interest only from the time when he became vested with title and the right to possession.

The answer admitted the material facts as set out in the petition, but insisted that interest should be collected both on the cash payment and on the notes from January 1, 1930, and that the power of attorney was not so revoked. The court adjudged that the tendered deed was ineffective to convey the title to the interest of the infant heir of Charles F. Anderson, since the latter's power of attorney to H. A. Richardson was revoked upon the death of the appointor, and the master commissioner of the Boyle circuit court was directed to execute a deed to plaintiff for the one-fourth interest of such infant heir. The court further adjudged that plaintiff should not pay interest on the one-third cash payment, but that his notes for deferred payment should bear interest from January 1, 1930. From that judgment defendants prosecute this appeal, and plaintiff has prayed for and obtained a cross-appeal from that part of the judgment requiring him to pay interest from January 1, 1930, on his two purchase-money notes.

Counsel evidently at the time of the trial, and also when this case was briefed, did not have their attention called to the case of Moore v. Garred, 223 Ky. 20, 2 S. W. (2d) 1036, which is exactly on all fours with this case in so far as the revoking of the involved power of attorney by the death of the one who executed it is concerned, with the immaterial exception that no previous title bond had been executed pursuant to that power of attorney. The opinion expressly holds that a power of attorney is revoked by the death of the one who executed it, and that

the attorney thereafter can perform no valid act thereunder in the name of his principal. In that case the attorney attempted to exercise his authority under the power of attorney given him after the death of his principal by executing a deed to the specific land described in the power of attorney, pursuant to the authority thereby conferred, and the vendee declined to accept the deed, just as plaintiff did in this case. The lower court adjudged against him and upon appeal that judgment was reversed upon the ground that the power of attorney was revoked upon the death of the one who executed it, and that the deed, afterwards made by the attorney for and on behalf of his principal, was ineffectual for any purpose. It is pointed out in that opinion that such powers of attorney, coupled with an interest, may not necessarily be revoked by the death of the one who made it, but that in a power of the kind there under discussion, which was exactly the same kind we have here, the attorney had no interest in the subject-matter of the power so as to preserve and keep alive his authority to act under the power after the death of the appointor.

The common-law authorities are also collected and cited in that opinion, and they need not be reinserted here. Neither does the fact that the attorney had validly executed the title bond preserve his authority to execute the deed in the name of his principal after the latter's death. They are distinct and separate acts. Those succeeding to the rights of his principal upon the latter's death might wish to contest the binding effect of the title bond, or contest any other step in the negotiations for carrying out the authority given by the power of attorney. So that we consider the Moore case, supra, as conclusive here in support of that portion of the judgment appealed from by appellants, wherein the court directed its master commissioner to carry out the terms of the title bond, in so far as Charles F. Anderson's interest was concerned, by executing a deed to plaintiff in the name of the infant defendant for one-fourth interest in the farm.

We think the court was correct in releasing plaintiff from the obligation to pay interest from January 1, 1930, on the agreed cash payment, but, for the same reason that leads us to that conclusion, we are convinced the court erred in adjudging that he should pay interest on his two deferred notes from that date; from which it fol-

lows that the judgment should be modified so as to require the payment of interest on those two notes from the time when plaintiff becomes vested with title to the farm and the right to its possession.

Wherefore the judgment is affirmed on the original, but is reversed on the cross-appeal, with directions to make the modification indicated in such reversal, and for proceedings consistent with this opinion.