BRYSON et al. v. UNITED GAS PUBLIC SERVICE CO.

No. 5292.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Albert E. Bryson, of Shreveport, for appellants.

E. S. Klein and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellee.

HAMITER, Judge.

Under a deed dated November 27, 1926, Mrs. Allie Bridges Latham conveyed to plaintiffs herein a tract of land in Caddo parish, containing 47.83 acres, reserving to herself, however, one-sixth of the oil, gas, and other minerals in and under and that might be produced from said property. On that same date she executed a separate instrument in which plaintiffs were constituted and appointed her agents to sign, execute, sell, and deliver an oil and gas lease on the above property, "upon any terms that they might see fit, retaining for their services, in leasing the undivided one-sixth interest belonging to the said Mrs. Allie Bridges Latham, any consideration that they may receive for the sale of said lease, excepting, however, the undivided one-sixth interest in the royalties reserved in any lease so made."

Pursuant to such authorization, and also on their own behalf, plaintiffs, on December 24, 1932, executed and delivered to defendant a five-year commercial oil and gas lease covering said tract for a cash consideration of $48. This sum, which included payment for the lease on the interest of Mrs. Latham, was paid to and retained by plaintiffs.

The lease contained the usual delayed rental provision that, "if drilling operations are not commenced on said land on or before the 24th day of December, 1933, this lease shall then terminate as to both parties, unless lessee shall pay or tender to lessor or to the credit of lessor in City Savings Bank at Shreveport, (which bank is lessor's agent), the sum of $48.00 (hereinafter called rental), which shall extend for twelve months the time within which drilling operations may be commenced. Thereafter, annually, in like manner, and upon like payments or tenders, the commencement of drilling operations may be further deferred for periods of twelve months during the primary term." No drilling operations were commenced under the lease. and defendant, instead of paying to plaintiffs the entire rentals due on December 24th of the years 1933, 1934, and 1935, deposited in the bank, to the credit of Mrs. Latham, one-sixth of the rentals for each of such years.

Plaintiffs claim that under the instrument executed by Mrs. Latham, which is of record, all of the delay rentals should have been paid to them. Accordingly, they filed this suit for the purpose of setting aside the lease on the ground that such rentals were not paid to the proper parties.

An exception of no cause or right of action filed by defendant was sustained in the trial court, and plaintiffs have appealed.

In passing on the issues presented, we desire to first consider the instrument executed by Mrs. Latham, and attempt to determine its nature and status. Plaintiffs' counsel recognizes that it is in the form of a power of attorney, for it provides for the appointment of plaintiffs as agents. But he contends and argues that it is more than a mere mandate, and calls attention to the consideration agreed to be paid thereunder to the agents for services rendered. Under article 2985 of the Civil Code it is provided: "A mandate, procuration or letter of attorney is an act by which one person gives power to another to transact for him and in his name, one or several affairs." The instrument is, therefore, a mandate or power of attorney, as authority is therein given for plaintiffs to sign the lease in her name and to sell and deliver it for her. But does the provision thereof relating to the payment of compensation render it a mandate coupled with an interest? If it is one coupled with an interest, as provided for in article 3027 of the Civil Code, it was irrevocable. If otherwise, Mrs. Latham could revoke it whenever she so desired. Civ. Code, art. 3028.

A power of attorney coupled with an interest is one wherein a property in the thing which is the subject of the agency or power is vested in the person to whom the agency or power is given, so that he may deal with it in his own name. Fowler v. Phillips, 159 La. 668, 106 So. 26; 2 Corpus Juris, p. 531, verbo Agency, § 155; Louque v. Dejan, 129 La. 519, 56 So. 427, 38 L. R.A.(N.S.) 389.

On this subject, the following rule, which is supported by American Jurisprudence, vol. 2, p. 67, verbo Agency, § 84, and American Law Institute Restatement, verbo Agency, § 138, is pertinent: "It is clear that an agency in the execution of which the agent has no other interest than that which springs from his right to earn

his compensation or commission is not coupled with an interest so as to be irrevocable. Accordingly, if the agent's interest is merely his right to receive, by way of compensation or commission, a certain amount from, or percentage of, the proceeds of a sale effected by him, no agency coupled with an interest exists."

In the case of Taylor v. Burns, 203 U.S. 120, 27 S.Ct. 40, 51 L.Ed. 116, where there was an instrument empowering the plaintiff to sell and convey realty, retaining a percentage over and above a stipulated amount, the court held that it was not a power coupled with an interest, saying that by the phrase, "coupled with interest," is not meant an interest in the property upon which the power is to operate.

■ Consequently, the instrument in question is an ordinary mandate or power of attorney and not one coupled with an interest, for Mrs. Latham did not vest in plaintiffs her one-sixth interest in the minerals so that they might deal with it in their own name. They were merely authorized thereunder to handle the interest for her and in her name, place, and stead, and the lease was sold and delivered under that authority.

■ We now address ourselves to the interpretation of the power of attorney and of the lease sought to be annulled, in so far as they concern the problem under consideration. The former instrument provides, as we have previously noticed, that plaintiffs were to retain for their services "any consideration that they may receive for the sale of said lease, excepting, however, the undivided one-sixth interest in the royalties reserved in any lease so made." The first question suggested by this provision is: When did the sale of the lease occur? The only conclusion that can be reached is that the sale was consummated when plaintiffs executed and delivered the lease to defendant, and received the cash consideration of $48 therefor. At that time lessee, or defendant, owned a valid and binding lease contract and had full authority to explore and operate the property for oil and gas purposes and to enjoy all of the rights, benefits, and privileges afforded by the provisions of the lease for a least a period of one year from its date. And these privileges would endure for four additional years, even without drilling, on defendant's paying the stipulated annual rentals.

The next question arising is: What consideration did plaintiffs receive for the sale of the lease on Mrs. Latham's mineral interest? The answer is that they received therefor one-sixth of the $48 cash payment, and nothing more. The proposed rental payments could not in any manner be deemed a consideration for the sale of the lease. According to the hereinabove-quoted rental provision, those payments were to be made in consideration for extensions of time within which drilling operations might be commenced under the existing and valid lease. And the first such rental payment was not due until twelve months after the signing of the lease contract. Furthermore, Mrs. Latham, as the owner of a portion of the minerals under the tract, was properly described and named in the lease as a lessor, although she was represented in its execution and delivery by her agents, and that instrument specifically provides that the rentals shall be paid or tendered to the lessor or to her credit in the named bank. If no rental payments whatever had been made, and no drilling had been begun, and, consequently, the lease had lapsed at the end of the first twelve months' period, nevertheless, the lease was originally executed and sold as intended and contemplated by the parties, and it was, even under that hypothesis, in full force and effect for the duration of one year from its date.

We are cognizant of the fact that the power of attorney specifically excepts "the undivided one-sixth interest in the royalties reserved," and fails to except or refer to the above-discussed rental payments. This failure, we think, is immaterial, because the instrument, as written, is clear in its intendment and meaning.

It is our opinion, and we so hold, that plaintiffs exercised all authority granted them under the power of attorney when they executed and delivered the lease contract and received the cash payment therefor, and the receipt and retention of their principal's portion of that payment was in full satisfaction and settlement for services rendered. Accordingly, defendant's depositing of the rentals in the bank to the credit of Mrs. Latham was proper and was sufficient to continue the contract in force and effect.

Counsel for the parties have discussed in oral argument, and in their briefs, the meaning of and distinction between the terms royalties and rentals. Because of

the view which we take of the case and herein express, we deem it unnecessary to comment on such definitions and distinction.

The judgment of the trial court is correct and is, therefore, affirmed.