Buretta MOORE, Keith W. Scott, Betty Lou Hopper, Ralph R. Scott, James A. Scott, Margie Sue Osborne, Charles E. Scott, Shirley D. Jenkins, and Brenda Faye Lawson, Appellants,

v.

Hawley SCOTT, Appellee.

No. 88–CA–0289–S.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Eugene C. Rice, Rice, Preston, Brown, Paintsville, for appellants.

John David Caudill, Stumbo & Caudill, Martin, for appellee.

Before HAYES, HOWARD and MILLER, JJ.

MILLER, Judge.

This appeal is from a summary judgment entered in the Floyd Circuit Court. Kentucky Rules of Civil Procedure (CR) 56.

Appellee, Hawley Scott, and his first wife, Effie Scott, acquired title as tenants in common to certain real property situated in Floyd County, Kentucky. Effie died intestate in December 1944, being survived by Hawley and their children. Title to Effie's share of the jointly-held property vested in her children, subject to Hawley's curtesy interest. Hawley remarried and fathered children by his second wife, Ruby. Hawley and Ruby acquired certain tracts of real property.[1] In addition, certain parcels of land had been conveyed to Hawley only.

Hawley, Ruby, and all the children and their spouses signed a general power of attorney, appointing Hawley and two of his children (James A. Scott and Harold L. Scott) as attorneys-in-fact. The instrument executed on November 23, 1986, contained the following clauses:

... hereby make, constitute and appoint HAWLEY SCOTT, JAMES A. SCOTT

and HAROLD L. SCOTT, all of Garrett, Floyd County, Kentucky, our true and lawful Attorneys-in-Fact for each of us and in our names to sell and convey those sixteen (16) certain tracts of land, as described below....

....

.... The rights, powers and authority of our Attorneys-in-Fact to exercise any and all the rights and powers herein granted shall commence and be in full force and effect on <u>December 10</u>, 1986, and such rights, powers and authority shall remain in full force and effect thereafter until revoked by written notice delivered to these Attorneys-in-Fact, and in no case is to terminate before the 31st day of December, 1989.

On August 7, 1987, Hawley filed an action to partition three of the aforementioned tracts of land owned jointly by himself and the children by his first marriage. The children resisted and offered the power of attorney as proof that partition could not be accomplished.

The trial court ruled that Hawley's partition action constituted a permissible revocation of the power of attorney and transferred the case to the Master Commissioner for appropriate proceedings. In the course of its ruling, the trial court suggested that the appellants (defendants below) might bring a suit for breach of contract, but that same had no bearing on the partition action. This appeal followed.

Appellants contend that the general power of attorney was not a mere "naked" power of attorney, but constituted a "power coupled with interest," which is irrevocable. It follows, they urge, that the suit to partition constitutes an impermissible attempt to revoke the power. We affirm.

■ We begin by noting that a power of attorney is a form of agency. *See Jay v. Dollarhide*, 3 Cal.App.3d 1001, 84 Cal.Rptr. 538 (Cal.Ct.App.1970). A "naked" power of attorney (one not coupled with interest) terminates upon the death of the principal.

1. The record does not contain copies of all deeds to the properties, and we are unable to ascertain whether Hawley and Ruby own the property as tenants in common or as joint tenants with right of survivorship. This fact, however, is not material to the outcome of this case.

See Moore v. Garred, 223 Ky. 20, 2 S.W.2d 1036 (1928), and is revocable by the principal. See Louisville Ry. Co. v. Louisville Area Transp. Workers Union, 312 Ky. 656, 228 S.W.2d 652 (1950), and 62 Am. Jur.2d Powers, § 23 (1972). This is true notwithstanding the written instrument creating the agency states that it is irrevocable. See Jay v. Dollarhide, 84 Cal. Rptr. at 551; Hill v. United Public Workers Union of America, 314 Ky. 791, 236 S.W.2d 887 (1951). Of course, revocation of the authority contrary to its terms may render the principal liable for damages suffered by the agent. See Smith v. Brasseale, 213 Ala. 387, 105 So. 199 (1925); Geyler v. Dailey, 70 Ariz. 135, 217 P.2d 583 (1950); 3 Am.Jur.2d Agency, § 46 (1986).

■ In contrast, a power coupled with interest differs markedly from a "naked" power in that the former is irrevocable by act of the principal and survives his death. See Drake v. O'Brien, 99 W.Va. 582, 130 S.E. 276 (1925); 2 S. Williston, A Treatise on the Law of Contracts, § 280 (3d ed. 1959). It has been held that the rights conferred inure to the benefit of the personal representative of the agent upon the agent's death. See Phoenix Title and Trust Co. v. Grimes, 101 Ariz. 182, 416 P.2d 979 (1966). The definition of "power coupled with interest" is somewhat obscure. Reference is frequently made to Chief Justice Marshall's opinion in Hunt v. Rousmanier's Adm'r, 8 Wheat. 205, 5 L.Ed. 589 (1823). In Moore v. Garred, 2 S.W.2d at 1037–38, our Court of Appeals quoted from the Chief Justice's opinion as follows:

> The interest or title in the thing being vested in the person who gives the power remains in him, unless it be conveyed with the power, and can pass out of him only by a regular act in his own name. The act of the substitute, therefore, which, in such a case, is the act of the principal, to be legally effectual, must be in his name, must be such an act as the principal himself would be capable of performing, and which would be valid if performed by him. Such a power necessarily ceases with the life of the person making it. But if the interest, or estate, passes with the power, and vests in the person by whom the power is to be exercised, such person acts in his own name. The estate, being in him, passes from him by a conveyance in his own name. He is no longer a substitute, acting in the place and name of another, but is a principal acting in his own name, in pursuance of powers which limit his estate. (emphasis added)

The creation and existence of a power coupled with interest can best be illustrated by example. In Bonzo v. Nowlin, Ky., 285 S.W.2d 153 (1955), Esther Falloway and her husband conveyed one-half of their interest in a tract of real property to D.T. Bonzo. In addition, the deed authorized Bonzo "to lease the entire interest both of himself and the said Esther Falloway and husband to whomsoever he may choose...." Id. at 154. Subsequent grantees of the parties filed a declaratory judgment action seeking construction of the deed. Judge Moremen noted criticism of the Marshall definition, but held that the original agency between Falloway and Bonzo created a power coupled with interest and, as such, was irrevocable.[2] Similar factual situations are presented in the cases of Odstrcil v. McGlaun, 230 S.W.2d 353 (Tex.Civ.App. 1950), and Superior Oil Co. v. Stanolind Oil & Gas Co., 230 S.W.2d 346 (Tex.Civ. App.1950).

Courts are in agreement that where an agent merely has an interest in proceeds from the sale of property, no power coupled with interest is created. See Moore v. Garred, 2 S.W.2d at 1038, and Bryson v. United Gas Public Serv. Co., 169 So. 350 (La.Ct.App.1936). See generally Annot., 28 A.L.R.2d 1243 (1969) (discussion of what constitutes an interest giving rise to a power coupled with interest).

■ Further, a power coupled with interest and a naked power are distinguishable in that an agent holding a naked power confers title to property not in his own

---

**2.** The Court did not hold that the language in the Bonzo deed created a covenant running with the land and did not squarely address the issue of perpetuities.

name, but as an attorney-in-fact, clearly identifying the principal. On the other hand, an agent holding a power coupled with interest may convey the interest which is the subject of the power in his own name. *See Hunt v. Rousmanier's Adm'r*, 8 Wheat. at 202, 5 L.Ed. at 597.

. With the foregoing in mind, we turn to the case *sub judice*. Citing the proposition that such powers may not be revoked by the act of the principal, appellants contend that Hawley's suit to partition constitutes an impermissible revocation of a power coupled with interest. *See Hancock v. Byrne*, 35 Ky. (5 Dana) 513 (1837), and 3 Am.Jur.2d *Agency*, § 63 et seq. (1986).

■ We conclude the power under consideration is a mere naked power of attorney. The power itself created no estate in the attorneys-in-fact. *See Harlow v. Riley's Ex'r*, 282 Ky. 437, 138 S.W.2d 946 (1940). It does not authorize the attorneys-in-fact to convey the real estate in their own names. They must convey, if at all, in the name of the principal. *See Moore v. Garred*, 2 S.W.2d at 1036. It is not, therefore, coupled with interest such that it cannot be revoked at the pleasure of the principal. *See Chenault's Guardian v. Metropolitan Life Ins. Co.*, 245 Ky. 482, 53 S.W.2d 720 (1932); 62 Am.Jur.2d *Powers*, § 23 (1972). Hawley's partition suit, although constituting a revocation, was permissible.

■ We now turn to the problem of revocation before the time specified within the grant. The power specifically provides that "in no case is [it] to terminate before the 31st day of December, 1989." As indicated, the partition suit was filed on August 7, 1987. We, therefore, must consider the revocation of a naked power in violation of a provision of the instrument. We have heretofore alluded to the fact that such revocation is permissible subject to a possible response in damages. Since we find no case in this jurisdiction squarely in point, we adopt and set forth the rule enunciated in Restatement (Second) of Agency, § 118 (1957). That rule is stated, in relevant part, as follows:

§ 118. REVOCATION OR RENUNCIATION

Authority terminates if the principal or the agent manifests to the other dissent to its continuance.

Comment:

a. Such termination by act of the principal is revocation; by act of the agent, it is renunciation.

b. *Power to revoke or renounce.* The principal has power to revoke and the agent has power to renounce, although doing so is in violation of a contract between the parties and although the authority is expressed to be irrevocable. A statement in a contract that the authority cannot be terminated by either party is effective only to create liability for its wrongful termination.

Illustrations:

1. In consideration of A's agreement to advertise and give his best energies to the sale of Blackacre, its owner, P, grants to A

"a power of attorney, irrevocable for one year" to sell it. A advertises and spends time trying to sell Blackacre. At the end of three months P informs A that he revokes. A's authority is terminated.

. . . .

■ In view of the foregoing, we hold it was within Hawley's power to revoke the power (agency), notwithstanding the prohibition in the instrument. No question of damage is before us.

For the foregoing reasons, the judgment of the Floyd Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.