RENDERED:  NOVEMBER 18, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1488-MR

BARBARA ANN DITTO AND
ROBERT E. MURRAY, JR.                                          APPELLANTS


APPEAL FROM BRECKINRIDGE CIRCUIT COURT
v.         HONORABLE KENNETH H. GOFF, II, JUDGE
ACTION NO. 17-CI-00222


JERRY T. MUCKER                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

CETRULO, JUDGE:  Appellants appeal an order from the Breckinridge Circuit

Court dismissing their lawsuit for failure to revive their personal injury action

within one year of the death of the Appellee.  We affirm.

## I.     BRIEF HISTORY

On November 7, 2015, Robert E. Murray, Jr. and Barbara Ann Ditto (collectively, "the Appellants") were involved in a two-vehicle accident with Appellee Jerry Mucker ("Mucker"). In November 2017, the Appellants filed a complaint in circuit court claiming Mucker acted negligently while driving his vehicle. First Chicago Insurance Company ("First Chicago"), Mucker's vehicle insurer, represented him in the action.

On September 16, 2020, the parties held an unsuccessful mediation. At the end of mediation, Appellants' counsel informed First Chicago that Mucker had recently died of COVID-19. Thereafter, First Chicago contacted Mucker's niece who confirmed he had died one week prior, on September 9, 2020. Then, First Chicago filed a notice of death of defendant with service to the Appellants. No personal representative was appointed for the deceased Mucker; no estate was opened for Mucker.

On September 24, 2021, First Chicago filed a motion for summary judgment, claiming the Appellants had one year from Mucker's death to substitute a personal representative for him to revive the action, but – because they made no substitution – the statute of limitations mandated dismissal of the action. After both parties briefed the issue, the Breckinridge Circuit Court granted the motion for summary judgment and dismissed the underlying action. The trial court found

that, despite having received proper notice of Mucker's death, the Appellants failed to revive their action – by substituting a personal representative for Mucker – within the one-year statute of limitations. Additionally, the trial court determined that any agency relationship that may have existed between First Chicago and Mucker terminated upon Mucker's death. Finally, the trial court found no conflict of interest or ethical violations "for a plaintiff to take action to revive claims against a deceased defendant." This appeal resulted.

## II. STANDARD OF REVIEW

The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing Kentucky Rule of Civil Procedure ("CR") 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). A summary judgment looks only to questions of law, and we review *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016) (citation omitted).

### III. ANALYSIS

Kentucky Revised Statute ("KRS") 395.278 and CR 25.01(1) act in tandem to provide the process of revival – when a defendant dies during the course of litigation – as well as the window within which it must be completed. *Est. of Benton by Marcum v. Currin*, 615 S.W.3d 34, 36 (Ky. 2021).

> When a party to an action dies while that action is pending, that action is abated and lies dormant until it is revived by a proper successor-in-interest. *Hardin Cnty. v. Wilkerson*, 255 S.W.3d 923, 926 (Ky. 2008). KRS 395.278 provides that "[a]n application to revive an action in the name of the representative or successor of a plaintiff, or against the representative or successor of a defendant, shall be made within one (1) year after the death of a deceased party." CR 25.01, which operates in conjunction with KRS 395.278, provides, in pertinent part:

> > (1) If a party dies during the pendency of an action and the claim is not thereby extinguished, the court, within the period allowed by law, may order substitution of the proper parties. If substitution is not so made the action may be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party[.]

*Id.*

On appeal, the Appellants contend that dismissal was improper because First Chicago had a duty to have an administrator appointed in Mucker's stead for the underlying negligence claim to proceed. More specifically, the Appellants argue that First Chicago – as Mucker's insurer – had a duty to represent

-4-

Mucker in the negligence action and that duty made First Chicago a "representative" of Mucker. By being his "representative," First Chicago was also an "agent" of Mucker.[1] Therefore, as his "agent," First Chicago had a duty to continue that representation through, and including, the appointment of an administrator for the deceased.[2] Additionally, the Appellants argue that they were ethically prohibited from filing for the appointment of an administrator for Mucker's estate because Supreme Court Rule ("SCR") 3.130 (1.7) prohibits attorneys from representing opposing parties in an action.

To the contrary, First Chicago, as Mucker's representative, argues it did not have a duty to revive the underlying negligence action after Mucker's death; that ethical rules did not bar the Appellants from opening an estate for the deceased; and finally, that the trial court properly granted the summary judgment

---

[1] Appellants make this leap from "representative" to "agent" through Black's Law Dictionary, 5th Edition, and Kentucky precedent from 1932. Appellants – citing this early edition of Black's Law Dictionary – define a "representative" as "[o]ne who represents or stands in the place of another. One who represents another in a special capacity as an 'agent' and the term is interchangeable with 'agent.'" *Representative*, BLACK'S LAW DICTIONARY (5th ed. 1979). Also, Appellants argue that "agency' is a contractual relationship that may be "implied from the acts and conduct of the parties[,]" paraphrasing *Monohan v. Grayson Cnty. Supply Co.*, 245 Ky. 781, 54 S.W.2d 311, 312 (1932).

[2] Appellants argue "Restatement of Agency, § 387 sets forth the general principle that . . . an agent is subject to a duty to his principal to act solely for the benefit of the principal **in all matters connected with his agency**." (Emphasis in Appellants' brief, not in original.) Appellants argue that First Chicago – upon Mucker's death – was obligated to protect his assets which included any settlement or award granted to Appellants in the underlying action.

because the underlying lawsuit was not properly revived before the expiration of the statute of limitations. We agree, as does Kentucky precedent.

"It is fundamental to our jurisprudential system that a court cannot, in an in personam action acquire jurisdiction until a party defendant is brought before it. The party defendant must actually or legally exist and be legally capable of being sued." *Jackson v. Est. of Day*, 595 S.W.3d 117, 122 (Ky. 2020) (quoting *Ratliff v. Oney*, 735 S.W.2d 338, 341 (Ky. App. 1987)). However, a defendant's death during the pendency of an action does not necessarily extinguish the claim. CR 25.01(1). If a defendant dies after a complaint is filed but before legal resolution, the attorney for the deceased has a duty to disclose his or her client's death to the opposing party. *Harris v. Jackson*, 192 S.W.3d 297, 307 (Ky. 2006). Yet, the deceased's attorney is not *required* to file the motion for substitution. CR 25.01(1) ("The motion for substitution *may* be made by the successors or representatives of the deceased party or *by any party*[.]") (emphasis added). *See also Harris*, 192 S.W.3d at 304 and *Est. of Day*, 595 S.W.3d at 124. If the representative or other party decides to revive the action, they must file a motion for substitution within one year after the defendant's death. KRS 395.278.

In *Harris*, the Kentucky Supreme Court discussed a similar situation. *Harris*, 192 S.W.3d 297. Harris and Jackson were involved in a two-vehicle accident. *Id.* at 299. Jackson filed an action against Harris alleging personal injury

claims. *Id.* Harris died during the course of the litigation, but Harris's legal representative did not inform the opposing party of Harris's death. *Id.* Harris's attorney contacted the Kentucky Ethics hotline in regard to his duties of disclosure. *Id.* at 300. He was advised he did not have to take affirmative action adverse to his client, as long as his conduct did not amount to a fraud upon the court. *Id.*

Following that advice, Harris's counsel continued with the legal proceedings without notifying the opposing party of Harris's death. *Id.* One year after Harris's death, his counsel filed a motion to dismiss because Jackson had not filed a revivor. *Id.* at 301. The circuit court dismissed Jackson's claims for failure to revive pursuant to KRS 395.278. *Harris*, 192 S.W.3d at 301. On appeal – in pertinent part – the Kentucky Supreme Court determined that Harris's legal counsel had a duty to disclose his client's death and because of that failure, Harris was estopped from using the statute of limitations defense. *Id.* at 307. However, our Supreme Court did not extend that duty beyond the obligation to report the death.

As in *Harris*, here, the alleged tortfeasor died after the complaint was filed but before legal resolution. Here, the duty to disclose Mucker's death was not at issue; all parties were aware of his death approximately one week after it occurred. Instead, the Appellants attempt to expand the duty beyond disclosure, but *Harris* does not support that expansion. The *Harris* Court did not find that the

deceased's attorney must also file the revivor. In fact, 14 years later – when discussing the *Harris* opinion – the Kentucky Supreme Court referred to the fact that "[t]he plaintiffs [*i.e.*, Jackson] in the case were required to revive the action pursuant to KRS 395.278 within one year of [Harris's] death, which they failed to do . . . ." *Est. of Day*, 595 S.W.3d at 124. Again, our Supreme Court emphasized the clear direction in CR 25.01: the motion for substitution "may be made by the successors or representatives of the deceased party or by any party. . . ." CR 25.01(1).

Next, the Appellants argue that First Chicago had a duty to file the revivor because of the ongoing agency relationship between Mucker and his insurer. Simply, we do not agree. There is no need to discuss *if* an agency relationship existed because even if an agency relationship existed, the agency ended at Mucker's death. The trial court stated it clearly and it is worth repeating:

> "An agency . . . is the fiduciary relation which results from the manifestation of consent by one person [the principal] to another [the agent] that the other shall act on his behalf and subject to his control, and consent by the other so to act." *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581, 591 (Ky. 2012) (citing *Phelps v. Louisville Water Company*, 103 S.W.3d 46, 50 (Ky. 2003)[)]. The death of the principal brings the agency relationship to an end since the principal's control of the agent is generally deemed an essential element of the agency relationship. *Id.* (See also, *Restatement 2d of Agency*, § 120). Even if an agency relationship existed, the relationship would have ended on September 9, 2020 with the death of Mr. Mucker.

(Internal quotation marks omitted.)

While Appellants agree that *Ping*, 376 S.W.3d at 591, correctly addresses the *creation* of an agency relationship, they disagree with the trial court's application of *Ping* to the *end* of this agency relationship. The Appellants argue that death should not terminate *this* agency relationship because, *under these circumstances*, (1) an insurer requires little to no interaction with the client in order to reach a resolution in a legal action (thereby not requiring "control"), and (2) First Chicago was continuing the agency after Mucker's death by proceeding in the underlying litigation, *i.e.*, by filing the motion for summary judgment.

First, while in practice it may be true that insurers require little, if any, input from their clients when approaching a settlement, we are a precedent-following court. *Special Fund v. Francis*, 708 S.W.2d 641, 642 (Ky. 1986). We are not at liberty to create a unique exception to the well-established rule that agency relationships terminate at the death of the principal. *Ping*, 376 S.W.3d at 591. *See also Moore v. Garred*, 223 Ky. 20, 2 S.W.2d 1036, 1037 (1928) (citation omitted) ("It is a well-established rule of the common law that, since an agent can and does act only in the name of the principal and executes his will, the death of the principal ordinarily works an immediate termination of the authority of the agent by operation of law, unless the agent's authority is coupled with an interest in the subject-matter.").

Second, as reiterated by *Harris*, the doctrine of virtual representation allows for a non-party insurance provider to continue representation because it is a real party in interest as the primary obligor. *Harris*, 192 S.W.3d at 302-03. First Chicago, like the insurance company in *Harris*, "has the duty to defend, and pay the defense's costs, as well as the right to settle as it consider[s] appropriate[,]" thereby making it a "real party in interest." *Id*. at 304 (internal quotation marks omitted). Therefore, First Chicago was not acting as Mucker's agent after his death, but rather continuing with the action through virtual representation.

Finally, Appellants argue that if they had filed a petition on Mucker's behalf, that would be – in a limited capacity – the same as representing both sides of the litigation, thereby violating SCR 3.130 (1.7).[3] However, from our view, *not* petitioning for the appointment is contrary to the Appellants' *own interest* because without the appointment, as we have discussed, the litigation could be properly dismissed under CR 25.01 and KRS 395.278. Additionally, the appointment, under these circumstances, is more akin to *joining* an essential party than it is *representing* an opposing party. Moreover, our Kentucky Supreme Court addressed the issue of revivor without imposing a duty to file the petition for

---

[3] SCR 3.130 (1.7) states, in pertinent part, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: [] the representation of one client will be directly adverse to another client; . . . a lawyer may represent a client if: . . . [] the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; . . . ."

substitution on a *particular* party. *See Harris*, 192 S.W.3d at 307; *see also Est. of Day*, 595 S.W.3d at 123. Lastly, we agree with First Chicago's argument:

> If Appellants believed that opening an estate for Jerry Mucker was in violation of ethics rules, they could have filed a motion at any time seeking the trial court to allow Appellants the right to open an estate, to order defense counsel to provide whatever information was needed to open an estate, or even to order the defense to open an estate. That did not happen.
>
> Therefore, we find that First Chicago, on behalf of Mucker, was

entitled to judgment as a matter of law.

## IV.   CONCLUSION

Accordingly, we AFFIRM the Breckinridge Circuit Court's order granting summary judgment and dismissing the action.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Alan W. Roles
Louisville, Kentucky

BRIEF FOR APPELLEE:

Galen L. Clark
Louisville, Kentucky